IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Chicago Police Officer PAUL CLAVIJO, | ) |
| Chicago Police Officer JUAN VASQUEZ, and | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

NOW COMES Plaintiff, JANE DOE, and complaining of Defendants, CITY OF CHICAGO; PAUL CLAVIJO; and JUAN VASQUEZ, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

### Background

4. Plaintiff, Jane Doe, is a 22-year old woman, who at all relevant times hereto was residing in the City of Chicago.

5. Defendant officers Paul Clavijo and Juan Vasquez are Chicago police officers, who at all relevant times hereto were acting under color of law and within the scope of their employment as Chicago police officers.

6. On or around the evening of March 30, 2011, Ms. Doe was on her way home after visiting a friend.

7. Ms. Doe was near the Red Line public transit station entrance on or about the intersection of Addison Street and Sheffield Avenue on Chicago's North side when she observed Defendants Clavijo and Vasquez inside a marked Chicago Police SUV. The police vehicle was stopped near the station.

8. When Ms. Doe observed the police vehicle, the Defendant officers gestured to her with their hands, indicating that they wanted her to approach them. The Defendants were wearing police uniforms, were armed, and were on duty as Chicago police officers.

9. Believing the officers to have a legitimate police purpose, Ms. Doe obeyed their instruction and walked toward them.

10. When Ms. Doe reached the police vehicle, the Defendants offered to assist her by giving her a ride home. Assuming that it would be safe to accept a ride home from a Chicago police officer, Ms. Doe agreed. The Defendants officers asked Ms. Doe for her address and she provided it to them.

11. The Defendant officers told Ms. Doe that she was not allowed to sit in the back seat of a police vehicle but instead would have to sit on the lap of Defendant Clavijo, who was in the passenger seat.

12. Defendants Clavijo and Vasquez proceeded to drive Ms. Doe to a liquor store and purchased alcohol with the intention of having Ms. Doe consume it.

13. Defendant Vasquez went inside the liquor store, leaving Ms. Doe and Defendant Clavijo alone in the police vehicle.

14. Defendant Clavijo then proceeded to sexually assault Ms. Doe. At no time did Ms. Doe give the police officer permission to assault her. To the contrary, Ms. Doe did not consent.

15. When Defendant Vasquez returned to the vehicle from the liquor store, the officers laughed together.

16. The Defendant officers then proceeded to Ms. Doe's home.

17. Upon arriving at Ms. Doe's apartment building, one of the Defendant officers put his hand on Ms. Doe's shoulder and directed her to her unit. The Defendants insisted on entering Ms. Doe's apartment.

18. Inside the apartment, both Defendants Clavijo and Vasquez sexually assaulted Ms. Doe. She did not consent in any way to their unwanted sexual contact, and each officer knew that she did not consent.

19. While being sexually assaulted, Ms. Doe began knocking loudly on her wall in an attempt to wake her neighbors and obtain help. Once she was able to break free from the Defendant officers, Ms. Doe ran screaming from her apartment into the hallway.

20. Neighboring residents heard Ms. Doe's screams for help and entered the hallway. One or more residents observed one of the Defendants, who was partially dressed in police uniform and walking down the hallway to exit the building. One or more residents observed the other Defendant officer, who was unclothed and running down the hallway to exit the building.

21. Ms. Doe was taken to the hospital, where she was treated.

22. Shortly thereafter, Ms. Doe made a report to the Chicago Police Department about what the officers had done to her.

23. In May of 2011, the Cook County State's Attorney's Office approved charges of criminal sexual assault and official misconduct against both officers based on their criminal actions against Ms. Doe.

24. Ms. Doe is not the only sexual assault victim of the Defendant officers. On or about March 11, 2011, Defendant Clavijo sexually assaulted another women in an unrelated attack.

25. This other victim reported the rape, yet the Chicago Police Department allowed Defendants Clavijo and Vasquez to retain their employment as patrol officers, thus enabling them to commit a similar crime against Ms. Doe less than one month later. In May of 2011, the Cook County State's Attorney's Office also approved criminal sexual assault and official misconduct charges against Defendant Clavijo in connection with the March 11 rape.

### Count I - 42 U.S.C. § 1983
### Fourth Amendment

26. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

27. As described in the preceding paragraphs, the Defendant officers violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of

misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago police officers accused of sexual misconduct against citizens can be confident that the City will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in sexual misconduct constituting an unreasonable seizure in violation of the Fourth Amendment;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  31. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

32. As a result of unjustified and unreasonable conduct of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injuries, including emotional distress.

### Count II - 42 U.S.C. § 1983
### Equal Protection

33. Each Paragraph of this Complaint is incorporated as if fully stated herein.

34. As described more fully above, Defendants denied Plaintiff equal protection of the law in violation of her constitutional rights.

35. The misconduct described in this count was motivated by gender animus and constituted purposeful discrimination.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

39. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count III - 42 U.S.C. § 1983
### Due Process

40. Each Paragraph of this Complaint is incorporated as if fully stated herein.

41. As described more fully above, Defendants denied Plaintiff due process of law in that they engaged in arbitrary government action that deprived her of her liberty and was so malfeasant as to shock the conscience.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

43. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

44. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

45. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count IV - 42 U.S.C. § 1983
### Failure to Intervene

46. Each Paragraph of this Complaint is incorporated as if fully stated herein.

47. As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

50. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

51.  As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count V - 42 U.S.C. § 1983
### Conspiracy

52.  Each Paragraph of this Complaint is incorporated as if fully stated herein.

53.  As described more fully above, Defendants reached an agreement among themselves to deprive Plaintiff of her constitutional rights.

54.  In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

55.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

56.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

57.  The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

58.   As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and she suffered injuries, including, but not limited to emotional distress, as described above.

### Count VI – 740 ILCS 82 *et seq.*
### Illinois Gender Violence Act

59.  Each Paragraph of this Complaint is incorporated as if fully stated herein.

60.  As described more fully above, the conduct of the Defendants toward Ms. Doe constituted a physical intrusion of a sexual nature under coercive conditions.   Defendants' actions

constituted unjustified and offensive physical contact. Defendants' conduct proximately caused Plaintiff's injuries.

61. The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

62. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

63. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count VII – Assault and Battery

64. Each Paragraph of this Complaint is incorporated as if fully stated herein.

65. As described more fully above, the conduct of the Defendants constituted unjustified and offensive physical contact. Defendants' conduct proximately caused Plaintiff's injuries.

66. The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

67. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

68. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count VIII - Conspiracy

69. Each of the foregoing paragraphs is incorporated as if fully stated herein.

70. As described more fully in the preceding paragraphs, the Defendant officers

entered into an agreement among themselves to participate in an unlawful act or act in an unlawful manner toward Plaintiff, including by conspiring to sexually assault her.

71. The Defendant officers committed one or more overt acts to further their common scheme of participating in an unlawful manner toward Plaintiff.

72. As a proximate result of this conspiracy, Plaintiff suffered damages, including but not limited to emotional distress.

73. The misconduct described in this Count was undertaken by the Defendant officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

### Count IX – State Law Claim
### Respondeat Superior

74. Each Paragraph of this Complaint is incorporated as if fully stated herein.

75. In committing the acts alleged in the preceding paragraphs, the Defendant officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

76. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### Count X – Indemnification

77. Each of the foregoing paragraphs is incorporated as if fully stated herein.

78. Illinois law requires public entities to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

79. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JANE DOE, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF CHICAGO, PAUL CLAVIJO, and JUAN VASQUEZ, awarding compensatory damages and attorneys' fees, as well as punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JANE DOE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Jon Loevy
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Elizabeth Mazur
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900