**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | 11 C 3502 |
| Plaintiff, | ) | |
| | ) | Judge Castillo |
| v. | ) | |
| | ) | |
| Chicago Police Officer PAUL CLAVIJO, | ) | Magistrate Judge Finnegan |
| Chicago Police Officer JUAN VASQUEZ, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago (the "City"), by Stephen R. Patton, Corporation Counsel for

the City of Chicago, for its Answer to Plaintiff's Complaint, states as follows:

### Introduction

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
under color of law of Plaintiff s rights as secured by the United States Constitution.

**ANSWER**:    The City admits this action is brought pursuant to 42 U.S.C. § 1983 to redress the

alleged deprivation under color of law of Plaintiff's rights as secured by the U.S.

Constitution.

### Jurisdiction and Venue

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

**ANSWER**:    The City admits that this Court has jurisdiction of this action.

3.      Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most
of the parties reside in this judicial district, and the events giving rise to the claims asserted
herein all occurred within district.

1

**ANSWER**:     The City admits that venue is proper.

## Background

4.      Plaintiff, Jane Doe, is a 22-year old woman, who at all relevant times hereto was residing in the City of Chicago.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

5.      Defendant officers Paul Clavijo and Juan Vasquez are Chicago police officers, who at all relevant times hereto were acting under color of law and within the scope of their employment as Chicago police officers.

**ANSWER**:     The City admits that on March 30, 2011, Defendants Paul Clavijo and Juan

Vasquez were Chicago police officers.  The City denies that Defendants Clavijo

and Vasquez were acting within the scope of their employment as Chicago police

officers during their encounter with Plaintiff as alleged in this Complaint.  The

City lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph.

6.      On or around the evening of March 30, 2011, Ms. Doe was on her way home after visiting a friend.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

7.      Ms. Doe was near the Red Line public transit station entrance on or about the intersection of Addison Street and Sheffield Avenue on Chicago's North side when she observed Defendants Clavijo and Vasquez inside a marked Chicago Police SUV. The police vehicle was stopped near the station.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

2

8.    When Ms. Doe observed the police vehicle, the Defendant officers gestured to her with their hands, indicating that they wanted her to approach them. The Defendants were wearing police uniforms, were armed, and were on duty as Chicago police officers.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.    Believing the officers to have a legitimate police purpose, Ms. Doe obeyed their instruction and walked toward them.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    When Ms. Doe reached the police vehicle, the Defendants offered to assist her by giving her a ride home. Assuming that it would be safe to accept a ride home from a Chicago police officer, Ms. Doe agreed. The Defendants officers asked Ms. Doe for her address and she provided it to them.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    The Defendant officers told Ms. Doe that she was not allowed to sit in the back seat of a police vehicle but instead would have to sit on the lap of Defendant Clavijo, who was in the passenger seat.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.    Defendants Clavijo and Vasquez proceeded to drive Ms. Doe to a liquor store and purchased alcohol with the intention of having Ms. Doe consume it.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.    Defendant Vasquez went inside the liquor store, leaving Ms. Doe and Defendant Clavijo alone in the police vehicle.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

14.     Defendant Clavijo then proceeded to sexually assault Ms. Doe.  At no time did Ms. Doe give the police officer permission to assault her.  To the contrary, Ms. Doe did not consent.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

15.     When Defendant Vasquez returned to the vehicle from the liquor store, the officers laughed together.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

16.     The Defendant officers then proceeded to Ms. Doe's home.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

17.     Upon arriving at Ms. Doe's apartment building, one of the Defendant officers put his hand on Ms. Doe's shoulder and directed her to her unit.  The Defendants insisted on entering Ms. Doe's apartment.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

18.     Inside the apartment, both Defendants Clavijo and Vasquez sexually assaulted Ms. Doe.  She did not consent in any way to their unwanted sexual contact, and each officer knew that she did not consent.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

19.     While being sexually assaulted, Ms. Doe began knocking loudly on her wall in an attempt to wake her neighbors and obtain help.  Once she was able to break free from the Defendant officers, Ms. Doe ran screaming from her apartment into the hallway.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

20.     Neighboring residents heard Ms. Doe's screams for help and entered the hallway. One or more residents observed one of the Defendants, who was partially dressed in police uniform and walking down the hallway to exit the building.  One or more residents observed the other Defendant officer, who was unclothed and running down the hallway to exit the building.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

21.     Ms. Doe was taken to the hospital, where she was treated.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

22.     Shortly thereafter, Ms. Doe made a report to the Chicago Police Department about what the officers had done to her.

**ANSWER**:     On information and belief, the City admits that at some time following her

encounter with Defendants Clavijo and Vasquez on March 30, 2011, Plaintiff

spoke to members of the Chicago Police Department regarding the incident

alleged in the paragraphs above.  The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

23. In May of 2011, the Cook County State's Attorney's Office approved charges of criminal sexual assault and official misconduct against both officers based on their criminal actions against Ms. Doe.

**ANSWER**:     On information and belief, the City admits that in May of 2011, the Cook County

State's Attorney's Office approved charges of criminal sexual assault and official

misconduct against both officers based on their alleged criminal actions against

Plaintiff.  The City lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.

24.     Ms. Doe is not the only sexual assault victim of the Defendant officers. On or about March 11, 2011, Defendant Clavijo sexually assaulted another women in an unrelated attack.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

25.     This other victim reported the rape, yet the Chicago Police Department allowed Defendants Clavijo and Vasquez to retain their employment as patrol officers, thus enabling them to commit a similar crime against Ms. Doe less than one month later. In May of 2011, the Cook County State's Attorney's Office also approved criminal sexual assault and official misconduct charges against Defendant Clavijo in connection with the March 11 rape.

**ANSWER**:     On information and belief, the City admits that in May of 2011, the Cook County

State's Attorney's Office approved criminal sexual assault and official misconduct

charges against Defendant Clavijo in connection with an incident that allegedly

occurred on or about March 10, 2011.  The City denies that the purported victim

of the rape that allegedly occurred on or about March 11, 2011, reported it before

March 30, 2011.  The City further denies that any municipal conduct enabled

Defendants Clavijo and Vasquez to engage in the misconduct alleged in the

paragraphs above.  The City lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

## Count I - 42 U.S.C. § 1983
## Fourth Amendment

26.     Each of the Paragraphs in this Complaint is incorporated as if restated fully
herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

27.     As described in the preceding paragraphs, the Defendant officers violated
Plaintiff's  Fourth Amendment right to be free from unreasonable search and seizure.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

28.     The misconduct described in this Count was objectively unreasonable and was
undertaken intentionally with willful indifference to Plaintiffs constitutional rights.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

29.     The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

30.     The misconduct described in this Count was undertaken pursuant to the policy and
practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly
encourages, and is thereby the moving force behind, the very type of misconduct
at issue here by failing to adequately train, supervise and control its officers, such
that its failure to do so manifests deliberate indifference;

b.      As a matter of both policy and practice, the Chicago Police Department facilitates
the very type of misconduct at issue here by failing to adequately punish and
discipline prior instances of similar misconduct, thereby leading Chicago police
officers to believe their actions will never be scrutinized, and in that way, directly

7

encouraging future abuses such as those affecting Plaintiff; specifically, Chicago police officers accused of sexual misconduct against citizens can be confident that the City will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in sexual misconduct constituting an unreasonable seizure in violation of the Fourth Amendment;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately smaller number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

**ANSWER**: The City denies that it has the policies and practices of the Chicago Police Department alleged above. The City also denies that any municipal policy or practice caused the misconduct described in this count. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: The City denies that Defendants Clavijo and Vasquez were acting within the scope of their employment as Chicago police officers during their encounter with Plaintiff as alleged in this Complaint, and further denies that it is liable for their actions as their employer. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8

32.     As a result of unjustified and unreasonable conduct of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injuries, including emotional distress.

**ANSWER**:     The City denies that any municipal policy or practice caused Plaintiff to suffer

injuries, including emotional distress.  The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

### Count II - 42 U.S.C. § 1983
### Equal Protection

33.     Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

34.     As described more fully above, Defendants denied Plaintiff equal protection of the law in violation of her constitutional rights.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

35.     The misconduct described in this count was motivated by gender animus and constituted purposeful discrimination.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

36.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

37.     The misconduct described in this Count was undertaken by Defendants within the

scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**:     The City denies that Defendants Clavijo and Vasquez were acting within the

scope of their employment as Chicago police officers during their encounter with

Plaintiff as alleged in this Complaint, and further denies that it is liable for their

actions as their employer.  The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

38.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**:     The City denies that it has the policies and practices of the Chicago Police

Department alleged above.  The City also denies that any municipal policy or

practice caused the misconduct described in this count.  The City lacks knowledge

or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

39.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

**Count III - 42 U.S.C. § 1983**
**Due Process**

40.     Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

10

41.     As described more fully above, Defendants denied Plaintiff due process of law in that they engaged in arbitrary government action that deprived her of her liberty and was so malfeasant as to shock the conscience.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.     The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**:     The City denies that Defendants Clavijo and Vasquez were acting within the scope of their employment as Chicago police officers during their encounter with Plaintiff as alleged in this Complaint, and further denies that it is liable for their actions as their employer.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

44.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**:     The City denies that it has the policies and practices of the Chicago Police Department alleged above.  The City also denies that any municipal policy or practice caused the misconduct described in this count.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11

45.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

### Count IV - 42 U.S.C. § 1983
### Failure to Intervene

46.     Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

47.     As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violation of Plaintiffs constitutional rights as set forth above had he been so inclined, but failed to do so.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

48.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

49.     The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**:     The City denies that Defendants Clavijo and Vasquez were acting within the

scope of their employment as Chicago police officers during their encounter with

Plaintiff as alleged in this Complaint, and further denies that it is liable for their

actions as their employer. The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

50.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**:     The City denies that it has the policies and practices of the Chicago Police

Department alleged above. The City also denies that any municipal policy or

practice caused the misconduct described in this count. The City lacks knowledge

or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

51.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

**Count V - 42 U.S.C. § 1983**
**Conspiracy**

52.     Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

53.     As described more fully above, Defendants reached an agreement among themselves to deprive Plaintiff of her constitutional rights.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

54.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

13

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

55.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

56.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**:     The City denies that it has the policies and practices of the Chicago Police

Department alleged above.  The City also denies that any municipal policy or

practice caused the misconduct described in this count.  The City lacks knowledge

or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

57.     The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**:     The City denies that Defendants Clavijo and Vasquez were acting within the

scope of their employment as Chicago police officers during their encounter with

Plaintiff as alleged in this Complaint, and further denies that it is liable for their

actions as their employer.  The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

58.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff s rights were violated and she suffered injuries, including, but not limited to emotional distress, as described above.

**ANSWER**:   The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

### Count VI - 740 ILCS 82 *et seq*.
### Illinois Gender Violence Act

59.   Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:   The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

60.   As described more fully above, the conduct of the Defendants toward Ms. Doe
constituted a physical intrusion of a sexual nature under coercive conditions. Defendants' actions
constituted unjustified and offensive physical contact. Defendants' conduct proximately caused
Plaintiffs injuries.

**ANSWER**:   The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

61.   The misconduct described in this Count was undertaken with malice, was willful
and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

**ANSWER**:   The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

62.   The misconduct described in this Count was undertaken by Defendants within the
scope of their employment and under color of law such that their employer, City of Chicago, is
liable for their actions.

**ANSWER**:   The City denies that Defendants Clavijo and Vasquez were acting within the

scope of their employment as Chicago police officers during their encounter with

Plaintiff as alleged in this Complaint, and further denies that it is liable for their

actions as their employer.  The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

15

63. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count VII - Assault and Battery

64. Each Paragraph of this Complaint is  incorporated as if fully stated herein.

**ANSWER**: The City restates and reincorporates its answers to the above paragraphs as if fully set forth herein.

65. As described more fully above, the conduct of the Defendants constituted unjustified and offensive physical contact. Defendants' conduct proximately caused Plaintiff's injuries.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66. The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: The City denies that Defendants Clavijo and Vasquez were acting within the scope of their employment as Chicago police officers during their encounter with Plaintiff as alleged in this Complaint, and further denies that it is liable for their actions as their employer.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16

68.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

### Count VIII - Conspiracy

69.     Each of the foregoing paragraphs is incorporated as if fully stated herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

70.     As described more fully in the preceding paragraphs, the Defendant officers entered into an agreement among themselves to participate in an unlawful act or act in an unlawful manner toward Plaintiff, including by conspiring to sexually assault her.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

71.     The Defendant officers committed one or more overt acts to further their common scheme of participating in an unlawful manner toward Plaintiff.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

72.     As a proximate result of this conspiracy, Plaintiff suffered damages, including but not limited to emotional distress.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

73.     The misconduct described in this Count was undertaken by the Defendant officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

17

**ANSWER**:    The City denies that Defendants Clavijo and Vasquez were acting within the

scope of their employment as Chicago police officers during their encounter with

Plaintiff as alleged in this Complaint, and further denies that it is liable for their

actions as their employer.  The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

**Count IX - State Law Claim**
**Respondeat Superior**

74.    Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:    The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

75.    In committing the acts alleged in the preceding paragraphs, the Defendant officers
were members and agents of the Chicago Police Department acting at all relevant times within
the scope of their employment.

**ANSWER**:    The City admits that on March 30, 2011, Defendants Paul Clavijo and Juan

Vasquez were members of the Chicago Police Department.  The City denies that

Defendants Clavijo and Vasquez were acting within the scope of their

employment as Chicago police officers during their encounter with Plaintiff as

alleged in this Complaint.  The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

76.    Defendant City of Chicago is liable as principal for all torts committed by its
agents.

**ANSWER**:    The City states that the allegations contained in this paragraph are a vague,

incomplete, and/or incorrect statement of Illinois law, and therefore denies them.

**Count X - Indemnification**

77.     Each of the foregoing paragraphs is incorporated as if fully stated herein.

**ANSWER**:     The City restates and reincorporates its answers to the above paragraphs as if fully

set forth herein.

78.     Illinois law requires public entities to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:     The City admits the allegations contained in this paragraph.

79.     The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**:     The City admits that on March 30, 2011, Defendants Paul Clavijo and Juan

Vasquez were employees of the Chicago Police Department.  The City denies that

Defendants Clavijo and Vasquez were acting within the scope of their

employment as Chicago police officers during their encounter with Plaintiff as

alleged in this Complaint.  The City lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

**<u>DEFENSES</u>**

1.     The City is not required to pay any tort judgment or any associated attorney's fees

and costs for which an employee who is not acting within the scope of his employment is liable.

745 ILCS 10/9-102.

2.     The conduct of an employee is within the scope of employment if, but only if (a)

it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time

and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master.  *See Pyne*

*v. Witmer*, 129 Ill.2d 351, 359-360 (1989) (citing *Restatement (Second) of Agency* § 228 (1958)).

19

3.     Sexual assault by its very nature precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*. *See Johnson v. Cook County*, 526 Fed.Appx. 692, 697 (7th Cir. 2013) (citations omitted).

4.     The City is not liable to Plaintiff for any state law claims for which its employees are not liable to Plaintiff. 745 ILCS 10/2-109.

5.     The City is not liable to Plaintiff for any federal claim for which its employees are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

6.     Plaintiff has a duty to mitigate her damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

7.     Plaintiff is not entitled to attorney's fees for her state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

## JURY DEMAND

The City demands a trial by jury.

20

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

By:     /s/ George J. Yamin, Jr.
        Senior Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 6217483