**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 CV 3502 |
| | ) | |
| vs. | ) | Chief Judge Ruben Castillo |
| | ) | |
| Chicago Police Officer PAUL CLAVIJO, | ) | |
| Chicago Police Officer JUAN VASQUEZ, | ) | |
| and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JUAN VASQUEZ'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Juan Vasquez (Vasquez), by and through his attorneys, Law Offices of Daniel Q. Herbert and Associates, for his Answer to the Complaint of Jane Doe (Plaintiff), states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**: Defendant Vasquez admits that this action is brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

**ANSWER**: Defendant Vasquez admits that this Court has jurisdiction of this action.

1

3.   Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**ANSWER**: Defendant Vasquez admits that venue is proper.

### Background

4.   Plaintiff, Jane Doe, is a 22-year old woman, who at all relevant times hereto was residing in the City of Chicago.

**ANSWER**: Defendant Vasquez admits that Plaintiff, at the time of the filing of this lawsuit, was a 22-year old woman, and admits that she was residing in the City of Chicago on March 30, 2011.

5.   Defendant officers Paul Clavijo and Juan Vasquez are Chicago police officers, who at all relevant times hereto were acting under color of law and within the scope of their employment as Chicago police officers.

**ANSWER**: Defendant Vasquez admits that, on March 30, 2011, he was a Chicago police officer. Defendant Vasquez admits that, at all times relevant to Plaintiff's Complaint, he was acting under color of law and within the scope of his employment as a Chicago police officer.

6.   On or around the evening of March 30, 2011, Ms. Doe was on her way home after visiting a friend.

**ANSWER**: Defendant Vasquez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.   Ms. Doe was near the Red Line public transit station entrance on or about the intersection of Addison Street and Sheffield Avenue on Chicago's North side when she observed Defendants Clavijo and Vasquez inside a marked Chicago Police SUV. The police vehicle was stopped near

the station.

**ANSWER**: Defendant Vasquez admits that Plaintiff was near the intersection of Addison Street and Sheffield Avenue on Chicago's North Side in the early morning hours of March 30, 2011. Defendant Vasquez admits that he was working inside a marked Chicago Police SUV in the early morning hours of March 30, 2011.

Defendant Vasquez denies that his and Clavijo's police vehicle was stopped near the Red Line public transit station. Defendant Vasquez lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8.   When Ms. Doe observed the police vehicle, the Defendant officers gestured to her with their hands, indicating that they wanted her to approach them. The Defendants were wearing police uniforms, were armed, and were on duty as Chicago police officers.

**ANSWER**: Defendant Vasquez admits that, in the early morning hours of March 30, 2011, he was wearing his police uniform, was armed, and was on duty as a Chicago police officer. Defendant Vasquez denies the remaining allegations in this paragraph.

9.   Believing the officers to have a legitimate police purpose, Ms. Doe obeyed their instruction and walked toward them.

**ANSWER**: Defendant Vasquez denies the allegations contained in this paragraph.

10.  When Ms. Doe reached the police vehicle, the Defendants offered to assist her by giving her a ride home. Assuming that it would be safe to accept a ride home from a Chicago police officer, Ms. Doe agreed. The Defendants officers asked Ms. Doe for her address and she provided it to them.

**ANSWER**: Defendant Vasquez admits that he and Clavijo gave Plaintiff a ride home, after Plaintiff provided her address. Defendant Vasquez denies the remaining allegations in this

paragraph.

11.  The Defendant officers told Ms. Doe that she was not allowed to sit in the back seat of a

police vehicle but instead would have to sit on the lap of Defendant Clavijo, who was in the

passenger seat.

**ANSWER**: Defendant Vasquez denies the allegations contained in this paragraph.

12.  Defendants Clavijo and Vasquez proceeded to drive Ms. Doe to a liquor store and

purchased alcohol with the intention of having Ms. Doe consume it.

**ANSWER**: Defendant Vasquez denies the allegations contained in this paragraph.

13.  Defendant Vasquez went inside the liquor store, leaving Ms. Doe and Defendant Clavijo

alone in the police vehicle.

**ANSWER**: Defendant Vasquez admits.

14.  Defendant Clavijo then proceeded to sexually assault Ms. Doe. At no time did Ms. Doe

give the police officer permission to assault her. To the contrary, Ms. Doe did not consent.

**ANSWER**: Defendant Vasquez lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

15.  When Defendant Vasquez returned to the vehicle from the liquor store, the officers

laughed together.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

16.  The Defendant officers then proceeded to Ms. Doe's home.

**ANSWER**: Defendant Vasquez admits the allegations contained in this paragraph.

17.  Upon arriving at Ms. Doe's apartment building, one of the Defendant officers put his

hand on Ms. Doe's shoulder and directed her to her unit. The Defendants insisted on entering Ms.

Doe's apartment.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

18. Inside the apartment, both Defendants Clavijo and Vasquez sexually assaulted Ms. Doe. She did not consent in any way to their unwanted sexual contact, and each officer knew that she did not consent.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

19. While being sexually assaulted, Ms. Doe began knocking loudly on her wall in an attempt to wake her neighbors and obtain help. Once she was able to break free from the Defendant officers, Ms. Doe ran screaming from her apartment into the hallway.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

20. Neighboring residents heard Ms. Doe's screams for help and entered the hallway. One or more residents observed one of the Defendants, who was partially dressed in police uniform and walking down the hallway to exit the building. One or more residents observed the other Defendant officer, who was unclothed and running down the hallway to exit the building.

**ANSWER**: Defendant Vasquez admits that, upon information and belief, Plaintiff's neighbor, Carl Lindberg, entered the hallway. Defendant Vasquez lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21. Ms. Doe was taken to the hospital, where she was treated.

**ANSWER**: Defendant Vasquez admits that, on information and belief, Plaintiff went to the hospital. Defendant Vasquez denies that Plaintiff required treatment as a result of her encounter with Defendant Vasquez.

22. Shortly thereafter, Ms. Doe made a report to the Chicago Police Department about what the officers had done to her.

**ANSWER**: Defendant Vasquez admits Plaintiff made a report with the Chicago Police

Department about what she alleged the officers had done to her, shortly after her encounter with them.

23. In May of 2011, the Cook County State's Attorney's Office approved charges of criminal sexual assault and official misconduct against both officers based on their criminal actions against Ms. Doe.

**ANSWER**: Defendant Vasquez admits the Cook County State's Attorney's Office approved charges of criminal sexual assault and official misconduct against him, but denies he committed any criminal sexual assault.

24. Ms. Doe is not the only sexual assault victim of the Defendant officers. On or about March 11, 2011, Defendant Clavijo sexually assaulted another women in an unrelated attack.

**ANSWER**: Defendant Vasquez denies.

25. This other victim reported the rape, yet the Chicago Police Department allowed Defendants Clavijo and Vasquez to retain their employment as patrol officers, thus enabling them to commit a similar crime against Ms. Doe less than one month later. In May of 2011, the Cook County State's Attorney's Office also approved criminal sexual assault and official misconduct charges against Defendant Clavijo in connection with the March 11 rape.

**ANSWER**: Defendant Vasquez admits that, in May of 2011, the Cook County State's Attorney's Office approved criminal sexual assault and official misconduct charges against Defendant Clavijo in connection with an incident alleged to have occurred on March 11, 2011. Defendant Vasquez denies, on information and belief, that the purported victim of that alleged sexual assault made any report to the Chicago Police Department before March 30, 2011. Defendant Vasquez denies the remaining allegations in this paragraph.

**Count I - 42 U.S.C. § 1983**
**Fourth Amendment**

26. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above

paragraphs as if fully set forth herein.

27. As described in the preceding paragraphs, the Defendant officers violated Plaintiff's

Fourth Amendment right to be free from unreasonable search and seizure.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

28. The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiffs constitutional rights.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

29. The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of others.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

30. The misconduct described in this Count was undertaken pursuant to the policy and

practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized, and in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago police officers accused of sexual misconduct against citizens can be confident that the City will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in sexual misconduct constituting an unreasonable seizure in violation of the Fourth Amendement;

7

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately smaller number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

**ANSWER**: Defendant Vasquez denies the allegations contained in this paragraph.

31. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count. Defendant Vasquez admits that he acted within the scope of his employment and under color of law.

32. As a result of unjustified and unreasonable conduct of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injuries, including emotional distress.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

## Count II - 42 U.S.C. § 1983
## Equal Protection

33. Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above paragraphs as if fully set forth herein.

34. As described more fully above, Defendants denied Plaintiff equal protection of the law in violation of her constitutional rights.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

8

35.  The misconduct described in this count was motivated by gender animus and constituted purposeful discrimination.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

36.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

37.  The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count. Defendant Vasquez admits that he acted within the scope of his employment and under color of law.

38.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**: Defendant Vasquez denies the allegations in this Count.

39.  As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

### Count III - 42 U.S.C. § 1983
### Due Process

40.  Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above paragraphs as if fully set forth herein.

41.  As described more fully above, Defendants denied Plaintiff due process of law in that

they engaged in arbitrary government action that deprived her of her liberty and was so malfeasant as to shock the conscience.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

43. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count. Defendant Vasquez admits that he acted within the scope of his employment and under color of law.

44. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

45. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

### Count IV - 42 U.S.C. § 1983
### Failure to Intervene

46. Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above paragraphs as if fully set forth herein.

47. As described more fully above, one or more of the Defendants had a reasonable

10

opportunity to prevent the violation of Plaintiffs constitutional rights as set forth above had he been so inclined, but failed to do so.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

49. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count. Defendant Vasquez admits that he acted within the scope of his employment and under color of law.

50. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

51. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

### Count V - 42 U.S.C. § 1983
### Conspiracy

52. Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above paragraphs as if fully set forth herein.

53. As described more fully above, Defendants reached an agreement among themselves to

deprive Plaintiff of her constitutional rights.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

54. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

55. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

56. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

57. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count.
Defendant Vasquez admits that he acted within the scope of his employment and under color of law.

58. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and she suffered injuries, including, but not limited to emotional distress, as described above.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

12

### Count VI - 740 ILCS 82 *et seq*.
### Illinois Gender Violence Act

59.  Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above

paragraphs as if fully set forth herein.

60.  As described more fully above, the conduct of the Defendants toward Ms. Doe

constituted a physical intrusion of a sexual nature under coercive conditions. Defendants' actions

constituted unjustified and offensive physical contact. Defendants' conduct proximately caused

Plaintiffs injuries.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

61.  The misconduct described in this Count was undertaken with malice, was willful and

wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

62.  The misconduct described in this Count was undertaken by Defendants within the scope

of their employment and under color of law such that their employer, City of Chicago, is liable

for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count.

Defendant Vasquez admits that he acted within the scope of his employment and under color of

law.

63.  As a result of the misconduct described in this Count, Plaintiff has suffered damages,

including but not limited to emotional distress and anguish.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

13

## Count VII - Assault and Battery

64. Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above

paragraphs as if fully set forth herein.

65. As described more fully above, the conduct of the Defendants constituted unjustified and

offensive physical contact. Defendants' conduct proximately caused Plaintiff's injuries.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

66. The misconduct described in this Count was undertaken with malice, was willful and

wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

67. The misconduct described in this Count was undertaken by Defendants within the scope

of their employment and under color of law such that their employer, City of Chicago, is liable

for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count.

Defendant Vasquez admits that he acted within the scope of his employment and

under color of law.

68. As a result of the misconduct described in this Count, Plaintiff has suffered damages,

including but not limited to emotional distress and anguish.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

## Count VIII - Conspiracy

69. Each of the foregoing paragraphs is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above

paragraphs as if fully set forth herein.

14

70. As described more fully in the preceding paragraphs, the Defendant officers entered into an agreement among themselves to participate in an unlawful act or act in an unlawful manner toward Plaintiff, including by conspiring to sexually assault her.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

71. The Defendant officers committed one or more overt acts to further their common scheme of participating in an unlawful manner toward Plaintiff.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

72. As a proximate result of this conspiracy, Plaintiff suffered damages, including but not limited to emotional distress.

**ANSWER**: Defendant Vasquez denies the allegations in this paragraph.

73. The misconduct described in this Count was undertaken by the Defendant officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Count. Defendant Vasquez admits that he acted within the scope of his employment and under color of law.

## Count IX - State Law Claim
## Respondeat Superior

74. Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above paragraphs as if fully set forth herein.

75. In committing the acts alleged in the preceding paragraphs, the Defendant officers were members and agents of the Chicago Police Department acting at all relevant times within the

scope of their employment.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in the preceding paragraphs.
Defendant Vasquez admits that he acted within the scope of his employment.

76. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER**: Defendant Vasquez denies that he committed any tort. Defendant Vasquez admits
that the City of Chicago is liable as principal for all torts committed by its agents.

### Count X - Indemnification

77. Each of the foregoing paragraphs is incorporated as if fully stated herein.

**ANSWER**: Defendant Vasquez restates and reincorporates his answers to the above
paragraphs as if fully set forth herein.

78. Illinois law requires public entities to pay any tort judgment for compensatory damages
for which employees are liable within the scope of their employment activities.

**ANSWER**: Defendant Vasquez denies that he committed any tort. Defendant Vasquez admits
that Illinois law requires public entities to pay any tort judgment for compensatory damages for
which employees are liable within the scope of their employment activities.

79. The Defendant Officers are or were employees of the Chicago Police Department, who
acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: Defendant Vasquez denies the misconduct alleged in this Complaint. Defendant
Vasquez admits that he acted within the scope of his employment.

Wherefore, Defendant Juan Vasquez respectfully requests that the Court enter judgment
in his favor and against Plaintiff Jane Doe, along with the costs incurred in defending this action,
as well as any other relief that the Court deems equitable and just.

16

## JURY DEMAND

Defendant Juan Vasquez hereby demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/Daniel Q. Herbert

Daniel Q. Herbert
Law Offices of Daniel Q. Herbert
and Associates
206 S. Jefferson, Suite 100
Chicago, IL 60661
312-655-7660

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that *Defendant Juan Vasquez's Answer To Plaintiff's Complaint* was served on all parties on May 29, 2014, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Daniel Q. Herbert