IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 cv 3502 |
| v. ) | |
| ) | Hon. Ruben Castillo |
| Chicago Police Officer PAUL CLAVIJO, ) | |
| Chicago Police Officer JUAN VASQUEZ, and ) | |
| CITY OF CHICAGO, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF
<u>CONFIDENTIALITY ORDER</u>**

Plaintiff, JANE DOE, by her attorneys, LOEVY & LOEVY, hereby moves this Court for entry of the Northern District of Illinois' unaltered model confidentiality order, as follows:

**Introduction**

1. This case will involve the exchange of confidential material. Accordingly, all parties agree that an appropriate confidentiality order must be entered.

2. The parties disagree, however, over the content of the order. Plaintiff believes that the Northern District of Illinois' model confidentiality order, attached hereto as Exhibit A, should be adopted unaltered.

3. The City of Chicago disagrees and has inserted substantial additional protections for police disciplinary records. *See* Exhibit B, Defs. Proposed order. As is more fully explained below, the landscape has changed significantly since *Kalven v. City of Chicago*, 7 N.E.3d 741 (Ill. App. Ct. 2014), which held that complaints against police officer are *not* confidential under

Illinois law. Following *Kalven*, courts in this district have repeatedly rejected the City's attempts to keep secret the department's complaint files ("CR files").

4. Equally problematic, the City's proposed order imposes onerous requirements on Plaintiff's counsel, should they wish to litigate the confidential designation of a CR file. Specifically, Plaintiff's counsel would have to determine the identity of the attorney representing each police officer involved with a particular complaint – officers who would not be parties to this action but whose complaint files were produced as part of *Monell* discovery – and then track down and provide written notice to that police officer's attorney, who would have 14 days to move for a protective order. Such notice is not required by law, and the model order's existing meet-and-confer procedures for challenging a confidentiality designation are more than adequate.

5. In short, the model protective order provides all of the protection that Defendant seeks at this time, and it defers—and potentially avoids altogether—litigation about the confidentiality of officers' disciplinary records until such disputes are ripe.

## Argument

6. The parties agree that "information or documents that are available to the public may not be designated as Confidential Information." *Compare* Ex. A at ¶ 2 with Ex. B at ¶ 2. The parties further agree that "confidential information" must fall within one or more of the following categories: "(a) information protected from disclosure by statute, (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms

and 1099 forms; (g) personnel or employment records of a person who is not a party to this case." *Id*.

7. Nevertheless, the City's proposed ¶18 essentially designates all CR files as confidential and imposes burdensome requirements in order to provide third-party access to those files. The City's provisions in this regard are not only unnecessary, but they conflict with the law in this district and in Illinois that prohibits blanket confidentiality designations over CR files.

8. After *Kalven*, there is no longer any serious dispute that complaint register files are not "protected from disclosure by statute." Following *Kalven*, the court in *Viramontes v. Chicago*, 13 cv 6251 (N.D.Ill. June 2, 2014) (Kendall, J.) rejected the City's attempt to broadly designate CR files as confidential and instead adopted the model order. *See* Order, Ex. C. Likewise, *Kuri v. City of Chicago*, 10 cv 1653 (Gottschall, J.) held that "CR files are subject to public inspection," and noted that in light of *Kalven*, "designating CR files disclosed through discovery as confidential would do little more than plug a hole in a levee that has already burst." *See* Order, Ex. D.

9. Indeed, more than a decade ago, this Court recognized that public scrutiny of police misconduct is essential, for there to be any change of abatement. *Doe v. Marsalis*, 202 F.R.D. 233, 238 (N.D.Ill. 2001) (permitting the Chicago Reader to have access to CR files in settled lawsuit in which Plaintiff Jane Doe alleged sexual assault by on-duty Chicago police officer and stating, "In hopes of further stimulating public debate and media scrutiny of the City of Chicago's past practices, this Court hereby grants Petitioners' petition to intervene and their motions to obtain access to the confidential documents produced by Defendant in this settled lawsuit.").

10. In short, there is no statutory basis for designating CR files as confidential, and thus the City's protective order sweeps too broadly. The correct approach, as Judge Kendall noted in *Viramontes*, is "for the parties in this case is for the Defendants to point to specific documents found in the CR files containing deliberative processes or private information in accordance with this Order." Ex. C.

11. That approach is exactly what the Northern District's model protective order prescribes, and there is no reason to depart from that order here.

12. Moreover, the model order's mechanism for disputing confidentiality designations is perfectly adequate. There is no need to replace it with more burdensome requirements – requirements which the City apparently requests only for police complaint files and not for any other type of confidential information – that would in practice make it difficult if not impossible for the plaintiff to challenge a particular CR file's confidentiality designation.

## Conclusion

13. For the foregoing reasons, Plaintiff moves for entry of the Northern District of Illinois' model confidentiality order.

WHEREFORE, for the foregoing reasons, Plaintiff moves for entry of the model confidentiality order attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED,

/s/ Roshna Bala Keen
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Elizabeth Mazur
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

  I, Roshna Keen, certify that on June 19, 2014, I caused the foregoing motion to be served on all counsel of record via CM/ECF filing.

                     /s/ Roshna Bala Keen