# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Plaintiff<br>Viramontes<br>v.<br><br>Defendant<br>City of Chicago et al | Case No: 13 C 6251<br><br>Judge Virginia M. Kendall |

### ORDER

Defendant's motion for protective order [17] is denied.

(T:) **STATEMENT**

Viramontes filed his Complaint against the City of Chicago and individual police officers on September 3, 2013. Specifically, Viramontes alleged various §1983 violations and malicious prosecution by the officer defendants and indemnification against the City in connection with the officer defendants' conduct at a street festival. The Defendants now move for entry of a Confidential Matter Protective Order regarding discovery related to the disciplinary history of the officer defendants, commonly known as Complaint Registers ("CRs"). The Defendants do not seek to preclude discovery of such documents, but rather request this Court to mandate the confidentiality of the documents once turned over to Viramontes. Because CRs do not categorically contain confidential information, and for the following reasons, the Defendants' motion is denied.

The Defendants' Proposed Confidentiality Order is based on the Local Rules 26.2 Model Confidentiality Order but also designates as "Confidential Information" both (1) information protected by statute, specifically the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, *et seq*, and (2) all records contained in the CR files of the officer defendants except for final determinations where discipline was imposed. The Defendants contend that the contents of the CR files are confidential pursuant to Sections 7(1)(n) and 7(1)(f) of FOIA. Section 7(1)(n) exempts the disclosure of "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed," while Section 7(1)(f) provides for the exemption of "preliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record…shall not be exempt when the record is publicly cited and identified by the head of the public body." The Defendants argue that the CRs are invariably related to adjudicatory proceedings and therefore fall within the FOIA exemptions to disclosure. Viramontes disputes the Defendants' contention that CR files are protected by FOIA and states that because CR files are available to the public, they should not be deemed confidential. Rule 26(c) of the Federal Rules of Civil Procedure permits this Court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Lacking a protective order, parties to a suit may disseminate materials obtained during

discovery as they see fit. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).

The crux of this dispute is whether materials relating to citizen complaints against and disciplinary histories of the defendant officers should be treated as confidential matter. *See Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991, at *1(N.D. Ill. Sep. 13, 2010). In their motion, the Defendants rely on Illinois law as grounds for the protective order, specifically, Sections 7(1)(n) and 7(1)(f) of FOIA. Only in their Reply do they address the good cause requirement of Rule 26(c). Illinois law, although usable as a guide to the nature of the public's interest, is not applicable to discovery in this court. *See, e.g., Murphy v. Schering Corp.*, 878 F. Supp.124, 126 (N.D. Ill. 1995) ("*Erie v. Tompkins* principles teach that Illinois law provides the *substantive* rules of decision…but that does not extend to Illinois' *procedural* rules (see the seminal decision in *Hanna v. Plumer*, 380 U.S. 460 (1965)).").

Even taking Illinois law into consideration, it does not authorize the scope of confidentiality sought here. Categorically considering confidential the entirety of contents found in a CR file is inconsistent with the stance taken by the Illinois appellate courts. *See, e.g., Kalven v. City of Chicago*, 2014 IL App (1st) 121846, ¶¶22-24 (neither Section 7(1)(n) nor Section 7(1)(f) exempts CRs from disclosure, although "it is possible that CRs might contain recommendations that could potentially fall under [Section 7(1)(f)]"); *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶¶37-38 (Section 7(1)(f) does not allow a public body to withhold an entire file on the basis that some portions of it may fall under the deliberative-process exemption). This District has held the same. *See, e.g., Rangel*, 2010 WL 3699991, at *4 (good cause does not exist to order a confidentiality order with respect to information contained in CR complaints aside from "private information" as defined by FOIA "Private information" means unique identifiers, including a person's social security number, driver's license number, employee identification number, biometric identifiers, personal financial information, passwords or other access codes, medical records, home or personal telephone numbers, and personal email addresses. 5 ILCS § 140/2 (c-5). ). The Defendants point to a number of protective orders entered by this District containing nearly identical language regarding CRs to the order proposed here, however, these orders were all entered before the decision in *Kalven*.

Plainly, in light of *Kalven*, the Defendants' proposed confidentiality order is overbroad in defining as confidential information all "records relating to a public body's adjudication of employee grievances or disciplinary cases (generally referred to as 'Complaint Register' files)." (Dkt. 17-1, Prop. Prot. Order). While it is possible that certain of the documents found in a CR file will contain the opinions and recommendations of City officials in deciding whether to pursue disciplinary proceedings against a complained-of police officer, properly exempted by Section 7(1)(f), the CRs also contain unprotected factual material uncovered through investigations into police misconduct. *See Kalven*, 2014 IL App (1st) 121846, at ¶¶20 and 24. FOIA does not protect factual material or final agency decisions. To the extent the CRs are comprised of factual information about a complaint, they are separate and distinct from any disciplinary adjudications that follow. *See id.* at ¶ 14.

This Court is similarly not inclined to accept the Defendant's generic inclusion of CR files as automatically confidential because the Model Confidentiality Order contains a procedure for challenging the designation of any document as confidential:

> (a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.
>
> (b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

(Dkt. 17-1). The proper protocol for the parties in this case is for the Defendants to point to specific documents found in the CR files containing deliberative processes or private information in accordance with this Order. Viramontes would then be afforded an opportunity to challenge any designations. Although the Defendants are not attempting to withhold the CRs and instead are endeavoring to prevent dissemination by Viramontes, this does not alter this Court's reasoning. The Illinois appellate courts have taken the position that the majority of material found in a CR file is not entitled to special protection under FOIA. Therefore, the current incarnation of the Defendants' Proposed Confidentiality Order is denied.

Date: June 2, 2014                    /s/ Virginia M. Kendall