UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY KURI (a.k.a. Ramsey Qurash) )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF CHICAGO, et al., )<br>)<br>Defendants. ) | Judge Joan B. Gottschall<br><br>Case No. 13 C 1653 |

## ORDER

Defendants' motion for entry of confidentiality order [68] is denied. The confidentiality order entered by the court on May 9, 2014 [74] is stricken. See order for details.

## STATEMENT

Defendants ask this court to enter a confidentiality order that designates Chicago Police Department Complaint Register (CR) files as "confidential documents." The court entered the Defendants' proposed confidentiality order on May 9, 2014, incorrectly believing that the order was unopposed. (ECF No. 74.) Plaintiff Anthony Kuri opposes the order, arguing that CR files are not exempt from disclosure under the Illinois Freedom of Information Act (IFOIA). Accordingly, Kuri argues that there is no good cause to make CR files confidential in this litigation. The court agrees with Kuri, strikes the May 9, 2014 confidentiality order, and denies Defendants' motion for entry of a confidentiality order.

### I. LEGAL STANDARD

"Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (citing *Okla. Hosp. Ass'n v. Okla. Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984));

Case: 1:11-cv-03502 Document #: 41-4 Filed: 06/19/14 Page 2 of 4 PageID #:163
Case: 1:13-cv-01653 Document #: 77 Filed: 06/11/14 Page 2 of 4 PageID #:531

*but see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery."). "Given the 'extensive intrusion into the affairs of both litigants and third parties' that is both permissible and common in modern discovery, the rules provide for the use of protective orders, entered 'for good cause,' to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process." *Bond*, 585 F.3d at 1067 (citing Fed. R. Civ. P. 26(c)(1) and *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984)). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr.8, 2011) (citing *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997)).

## II. ANALYSIS

The court must determine whether good cause exists to enter a protective order preventing plaintiffs from disseminating CR files obtained in this suit. *See Bond*, 585 F.3d at 1067. As the moving party, Defendants bear the burden of establishing good cause. *See Pfizer Inc. v. Apotex Inc.*, 744 F. Supp. 2d 758, 762 (N.D. Ill. 2010). Defendants argue that good cause exists because "there is no unlimited First Amendment right to obtain or disseminate unfiled discovery, and police officers are entitled to protection from the annoyance, embarrassment and invasion of privacy that would be caused by disclosure of CRs that did not result in the imposition of discipline." (ECF No. 76, at 6.)

Defendants cite several cases in which this court has found good cause for designating CR files confidential during the discovery stage of litigation. *E.g. Calhoun*, 273 F.R.D. at 424;

2

*Johnson v. Kemps*, No. 09 CV 4857, 2011 WL 2550507, at *3 (N.D. Ill. June 20, 2011). *Calhoun* noted that courts in this district have "repeatedly grappled" with whether a provision defining CR files as confidential would prevent public access to files which should be part of the public record, "reaching different conclusions." *Calhoun*, 273 F.R.D. at 423. When *Calhoun* was decided, the question of whether CR files are exempt from disclosure under IFOIA remained an unsettled and "difficult question of Illinois law," with courts in this district differing on the answer. *Id.*

That "difficult question" has been resolved. In *Kalven v. City of Chicago*, 7 N.E. 3d 741 (Ill. App. Ct. 2014), the Appellate Court of Illinois declared that CR files are not exempt from disclosure under IFOIA. *Id.* at 749. This court defers to the Illinois state courts on interpretation of its laws, including IFOIA. *See Bush v. Gore*, 531 U.S. 98, 112 ("In most cases, comity and respect for federalism compel us to defer to the decisions of state courts on issues of state law.").

This court has held that IFOIA "does not control this court's determination of whether 'good cause' has been shown to protect the CRs." *Calhoun*, 273 F.R.D. at 423. But "IFOIA is helpful in determining whether the defendants have shown good cause for this provision of the protective order." *Johnson*, 2011 WL 2550507, at *2. Because CR files are now subject to public inspection under IFOIA, Defendants cannot meet its burden of showing "good cause" for including a clause for CR files in the protective order.

To the extent that the CR files cause "annoyance, embarrassment and invasion of privacy" to police officers, a confidentiality clause cannot alleviate those concerns. The CR files are subject to public inspection; designating CR files disclosed through discovery as confidential would do little more than plug a hole in a levee that has already burst. Kuri, like any member of

3

the public, could disseminate CR files obtained through the IFOIA process. Trying to prevent that dissemination through a confidentiality clause would be futile.

The court denies Defendant's motion for the court to enter a protective order designating the CR files as confidential documents. The order that the court erroneously entered on May 9, 2014, is stricken.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 11, 2014