IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | Case No. 11 C 3502 |
| Plaintiff, | ) | |
| | ) | Judge Ruben Castillo |
| v. | ) | |
| | ) | Magistrate Judge Sheila Finnegan |
| Chicago Police Officer PAUL CLAVIJO, | ) | |
| Chicago Police Officer JUAN VASQUEZ, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S
MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Defendant City of Chicago ("the City"), by and through its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, in response to Plaintiff's Motion for Entry of Confidentiality Order, hereby states as follows:

**INTRODUCTION**

Rule 26(c) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. Pro. 26(c). Here, the City has proposed entry of a confidentiality order that would, among other things, permit the designation of documents relating to disciplinary records confidential. The City's proposed confidentiality order also includes a procedure allowing for the public release of such records. The City does not seek to prevent the production of any documents, but rather, to control the dissemination of sensitive information contained in those files that is otherwise protected by statute as set forth in the model confidentiality order of

the Northern District of Illinois. Because good cause exists for the entry of the City's proposed Confidentiality Order, the City requests this Honorable Court deny Plaintiff's Motion for entry of her proposed Confidentiality Order and, instead, enter the City's proposed Confidentiality Order, which is attached hereto as Exhibit "A."

## ARGUMENT

### GOOD CAUSE EXISTS TO ENTER THE CITY'S PROPOSED CONFIDENTIALITY ORDER

**A. Not all materials produced in discovery may be freely disseminated to the public and, as such, there is good cause for the entry of the City's proposed Confidentiality Order.**

Much of Plaintiff's argument in opposition to the City's proposed Confidentiality Order focuses upon the First District of the Illinois Appellate Court's recent decision in *Kalven v. City of Chicago*, 2014 IL App (1st) 121846 (1st Dist. Mar. 10, 2014) and the application of the Illinois Freedom of Information Act ("IFOIA"). In doing so, however, Plaintiff fails to recognize that there is good cause to enter the City's proposed Confidentiality Order beyond reference to the IFOIA.

While court proceedings generally are open to public scrutiny, not all materials produced in discovery but unfiled in court proceedings may be freely available or disseminated to the public. Courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. For instance, in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984), the Supreme Court held that the public's right of access is limited to traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." The Court there recognized that Rule 26(c) allows for protection from annoyance and embarrassment,

and while that Rule does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Id.* at 35, n.21.

The Seventh Circuit has recently re-confirmed its position distinguishing between filed and unfiled discovery for purposes of confidential protection. *Goesel v. Boley Int'l*, 738 F.3d 831, 833 (7th Cir. 2013). Citing its earlier decision in *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 545 (7th Cir. 2002), the Seventh Circuit stated ". . . the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.'" *Goesel,* 738 F.3d at 833*; Baxter*, 297 F.3d at 548. The Court in *Baxter* also stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." In *Bond v. Utreras,* the court re-emphasized that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d 1061, 1074-75 (7th Cir. 2009). This is partly because "matters produced in discovery generally are broader than the matters that come before the Court for decision." *Saunders v. City of Chicago*, Case No. 12 C 9158, ECF No. 102 (N.D. Ill. July 10, 2013) (Dow, J.). "[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times*, 467 U.S. at 33. "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Bond,* 585 F.3d at 1073; *see also Coleman v. City of Chicago, et al.*, 12 C 10061 (N.D. Ill. Apr. 4, 2014) (Kennelly, J.) (as a general rule, the public has no right of access to unfiled discovery (*citing Bond, supra*).

Although Chicago police officers are public employees, this does not mean their entire disciplinary files are automatically subject to public disclosure. This is especially true of CR

files where the final outcome did not result in any discipline being imposed. There is unquestionably the potential for harassment or embarrassment to police officers should there be a release of CR files, especially since unsustained CR files have not been corroborated. Here, Plaintiff has not identified any reason for releasing the CR files. "The public certainly has a valid interest in knowing more about allegations of police misconduct. However, the public's right to know how allegations of police misconduct are investigated and handled is not absolute in the context of civil litigation." *Coffie v. City of Chicago,* Case No. 05 C 6745, Dkt. No. 38, 2006 WL 1069132, *3 (N.D. Ill., Apr. 26, 2006) (Nolan, J.) (limiting dissemination of CR files). "The discovery process is not designed to provide public access to the inner workings of the Chicago Police Department." *Calhoun v. City of Chicago*, Case No. 10 C 658, Dkt. No. 41, 273 F.R.D. 421, 423-24 (N.D. Ill. Apr. 8, 2011) (Gottschall, J.) (citations omitted).

Here, the City has proposed a Confidentiality Order that specifically contemplates the public release of CR files. *See* Exhibit A. This order provides a procedure allowing Defendants to contest disclosure of particular documents which is appropriate as it cannot be said at this time whether circumstances exist warranting protection of particular documents or files. *See Smith v. Ramirez*, Case No. 12 C 509, ECF No. 29 (N.D. Ill. Dec. 6, 2012) (Grady, J.). The purpose of such procedure is to ensure proper redactions are made prior to records being publicly released, which is consistent with the Illinois Appellate Court First District's opinion in *Kalven*. As the *Kalven* Court acknowledges, there may be other reasons for portions of CR files to be protected from public disclosure potentially necessitating an *in camera* review may be necessary to determine whether and to what extent other exemptions may apply. *Kalven*, 2014 IL App (1st) 121846 at ¶ 24. Moreover, CR files may also contain information that could "taint a jury pool"

further requiring an *in camera* review prior to any public dissemination. *Id.* Plaintiff's representation of the breadth of the *Kalven* opinion is, thus, inaccurate.

Plaintiff's argument that Section 18 of the City's proposed Confidentiality Order is overly burdensome is without merit. Requiring Plaintiff to notify the City a mere fourteen (14) days in advance of any disclosure to persons outside the scope of this litigation can hardly be said to be burdensome. To the extent any burden to Plaintiff can be said to exist, it is certainly outweighed by the interest in ensuring that all appropriate and necessary redactions are made prior to public disclosure given that statutory provisions beyond those discussed in *Kalven* may apply. *See* Juvenile Court Act, 705 ILCS 405/1-1 *et seq*. (protecting the disclosure of juvenile court records); Illinois Personnel Records Review Act, 820 ILCS 40/0.01 *et seq.* (protecting the disclosure of employee personnel files, disciplinary histories and related information); *see also* Illinois Freedom of Information Act, 5 ILCS 140/2.15(c) (protecting the disclosure of arrest records and related information under certain circumstances).

Non-restricted public disclosure, even with limited redactions, has overwhelming negative and often dangerous implications to the protection of innocent third party witnesses whose statements are contained in CR files and to the protection of the officers themselves. In balancing the public's interest in disclosure of CR files against the interest in non-disclosure, the Court must be mindful that the public's interest in disclosure of this pretrial material is limited. *Seattle Times,* 467 U.S. at 33. Given that Plaintiff and her counsel have access to this information for use in this litigation, there is no interest that Plaintiff has to be given the right to share that information with the public. *See O'Leary v. Village of Elmhurst,* Case No. 86 C 997, 1989 WL 18333, *6 (N.D. Ill. Mar. 2, 1989) (Gottschall, J.). "[W]hether any particular interaction between the police and the citizenry is relevant to a case or controversy before the

Court – and thus subject to public disclosure and scrutiny in the context of litigation – must be determined on a case-by-case basis (and even document-by-document) basis." *Id*; *see also Smith v. Ramirez*, Case No. 12 C 509, Dkt. No. 29 (N.D. Ill. Dec. 6, 2012) (Grady, J.) (Court cannot say whether particular documents within CR file warrant protection). Therefore, at the very least, a procedure governing the dissemination of CR files is necessary.

"When CRs are produced in discovery that do not bear on the merits of a case . . . there is no strong public interest in the continued dissemination and/or disclosure of the information contained in them." *Id.* "[A]nything that is filed on the docket and becomes relevant to the judge's decision-making process must be publicly available absent a very strong reason to keep it private." *Saunders*, *supra*. "Should the trial judge determine that any of this information is relevant and otherwise admissible, it will become part of the trial record. The trial will be public." *Johnson v. City of Chicago*, Case No. 05 C 6545, Dkt. No. 92, 2006 WL 3147715, *3 (N.D. Ill. Nov. 1, 2006) (Valdez, J.) (*citing O'Leary,* 1989 WL 18333 at *6). Here, "given the implications to privacy interests and to the protection of police officers and non-party witnesses, sufficient reasons exist to shield this information during pretrial discovery until the trial court deems otherwise." *Johnson*, 2006 WL 3147715 at *3.

Plaintiff's counsel would not in any way be prejudiced by entry of the City's proposed Confidentiality Order, which will help minimize discovery disputes because sensitive documents will be used only for the purposes of the instant litigation and will ensure proper redaction of information protected from disclosure by statute.

### B. Complaint Registers contain information protected from disclosure by statute.

The City acknowledges that the IFOIA does not control the matter before this Court. Rather, the IFOIA, along with other Illinois statutes, provides helpful guidance in determining whether there is good cause for defining Complaint Register ("CR") files as confidential. *See, e.g. Johnson v. Kemps*, Case No. 09 C 4857, Dkt. No. 72, 2011 WL 2550507, *2 (N.D. Ill. June 20, 2011) (Gottschall, J.). This is especially true since statutes are expressions of public policy and provide preliminary protection to records of a sensitive nature, which is a factor to be considered under Rule 26. *Brown v. City of Chicago*, Case No. 09 C 6506, Dkt. No. 59, 2011 WL 222840 (N.D. Ill. Jan. 24, 2011) (Shadur, J.). The model order itself acknowledges this with the language "information protected from disclosure by statute." *See* Northern District's Model Confidentiality Order, Section 2(a). The issue then becomes whether CR files are protected from disclosure by statute.

Plaintiff's argument that "there is no longer any serious dispute" about the IFOIA's protection of CR files overstates the ruling made by the First District of the Illinois Appellate Court in *Kalven, supra*. In *Kalven*, the Court held that there is no blanket exemption from disclosure for entire CR files under Section 7(1)(n) of IFOIA, which exempts from disclosure "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." *Kalven*, 2014 IL App (1st) 121846 at ¶ 22; 5 ILCS 740/7(n) (2010).

The *Kalven* decision, however, does not preclude the application of other exemptions within the IFOIA to documents contained within CR files. In fact, as discussed earlier herein, the *Kalven* Court acknowledges that other provisions of the IFOIA may apply indicating that an

7

*in camera* review may be necessary to determine whether and to what extent other exemptions may apply. *Kalven*, 2014 IL App (1st) 121846 at ¶ 24. Moreover, CR files may also contain information that could "taint a jury pool" thereby requiring an *in camera* review prior to any public dissemination. *Id.* Ultimately, however, the *Kalven* decision is not binding upon this Court. Plaintiff directs this Court to opinions made by other judges within this district to support entry of her proposed Confidentiality Order. Defendants, too, can direct this Court to orders entered in this district post-*Kalven* permitting the designation of CR files as confidential. *See Dixon v. City of Chicago*, Case No. 10 C 5897, Dkt. No. 30 (N.D. Ill. June 12, 2014) (Der-Yeghiayan, J.); *Miranda v. City of Chicago*, Case No. 13 C 5929, Dkt. No. 68 (N.D. Ill. July 2, 2014) (Zagel, J.). These orders support the City's argument that good cause continues to exist to designate CR files confidential.

CR files are the documentary and evidentiary basis for all disciplinary recommendations and the ensuing final determination. In other words, CR files are the foundation of the disciplinary process within the Chicago Police Department ("CPD"). CR files contain reports, evaluations and recommendations concerning the investigation of alleged misconduct by Chicago police officers. CR files are compiled specifically to evaluate complaints that officers allegedly violated CPD rules, regulations, directives and orders, and if a complaint is sustained, to determine whether and to what extent an officer should be disciplined. At the very least, various portions of CR files would be exempt from disclosure under various sections of the IFOIA and, therefore, should be designated as "confidential information" as set forth in the City's proposed Confidentiality Order. Good cause, therefore, exists to find CR files to be confidential.

## CONCLUSION

Good cause exists for the entry of the City's proposed Confidentiality Order given that matters produced in discovery are not generally available to the public. Furthermore, good cause also exists given that such information is protected from disclosure by statute. Because the City has shown that good cause exists for the entry of its proposed Confidentiality Order, Plaintiff's Motion for Entry of her proposed Confidentiality Order should be denied and the City's proposed Confidentiality Order be entered.

WHEREFORE, Defendant, City of Chicago, respectfully requests this Court enter the City's proposed Confidentiality Order and for such further relief the Court deems just and proper.

Date: July 2, 2014

Respectfully Submitted,

CITY OF CHICAGO

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

/s/ Victoria R. Benson
Victoria R. Benson
Assistant Corporation Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
Atty No. 6282508

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**, which sends a true and correct copy to all counsel, including:

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Elizabeth Mazur
LOEVY & LOEVY
312 N. May Street, Suite 100
Chicago, Illinois 60607

on this 2nd day of July, 2014.

Respectfully submitted,

/s/ Victoria R. Benson
Victoria R. Benson
Assistant Corporation Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)