IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | 11 C 3502 |
| Plaintiff, | ) | |
| | ) | Judge Castillo |
| v. | ) | |
| | ) | |
| Chicago Police Officer PAUL CLAVIJO, | ) | Magistrate Judge Finnegan |
| Chicago Police Officer JUAN VASQUEZ, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS IX AND X OF PLAINTIFF'S COMPLAINT**

Plaintiff Jane Doe has sued two former Chicago police officers – Paul Clavijo and Juan Vasquez – for allegedly sexually assaulting her, in violation of her federal constitutional rights and state law. Plaintiff seeks to hold the City of Chicago liable for various constitutional violations on the part of Clavijo and Vasquez pursuant to a *Monell* theory of liability. She also seeks to hold the City vicariously liable for alleged tortious conduct under state law, and asks that the City be required to indemnify the individual defendants because their conduct allegedly was committed within the scope of their employment.

Pursuant to Fed. R. Civ. P. 12(c), Defendant City of Chicago moves this Court for judgment on the pleadings as to Plaintiff's state law claims against the City, brought in Count IX ("Respondeat Superior") and Count X ("Indemnification"), because as a matter of law, the individual defendants were not acting within the scope of their employment if they sexually assaulted Plaintiff.

1

**Relevant Facts**

On March 30, 2011, Plaintiff was on her way home after visiting a friend on Chicago's north side when she observed Defendants Clavijo and Vasquez inside a marked Chicago police vehicle.[1] Defendants gestured to Plaintiff, indicating that they wanted her to approach them, and she complied with their directive.[2] When Plaintiff reached the police vehicle, Defendants offered to assist her by giving her a ride home, and she accepted their offer.[3] Before driving to her home, Defendants drove to a liquor store.[4] While Defendant Vasquez went inside the liquor store, Defendant Clavijo sexually assaulted Plaintiff in the police vehicle.[5] Defendants then proceeded to Plaintiff's home, where they insisted on entering Plaintiff's apartment.[6] Inside the apartment, both Defendant Clavijo and Defendant Vasquez sexually assaulted Plaintiff.[7]

**Legal Standards**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings have closed."[8] The pleadings consist of "the complaint, the

---

[1] Compl., ¶¶ 6-7. Plaintiff's Complaint is attached as Exh. A.

[2] *Id.*, ¶¶ 8-9.

[3] *Id.*, ¶ 10.

[4] *Id.*, ¶ 12.

[5] *Id.*, ¶¶ 13-14.

[6] *Id.* ¶¶ 16-17.

[7] *Id.*, ¶ 18.

[8] Fed. R. Civ. P. 12(c); *see also Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

answer, and any written instruments attached as exhibits."[9] A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).[10] Accordingly, this Court accepts as true the facts alleged in the complaint and draws all reasonable inferences in favor of the non-moving party.[11]

## Argument

*Defendant City is entitled to judgment on Plaintiff's state law claims against it because as a matter of law, the individual defendants were not acting within the scope of their employment if they sexually assaulted Plaintiff.*

The gravamen of Plaintiff's Complaint is that she was sexually assaulted by Defendants Clavijo and Vasquez, first in their police vehicle and then again inside her apartment. Under well-established Illinois law, Defendant City cannot be vicariously liable for the individual defendants' sexual assault of Plaintiff, if it occurred, because sexual assault is never within the scope of one's employment. The Illinois Appellate Court has held that "[s]exual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*."[12] Accordingly, Defendant City is entitled to judgment on Plaintiff's state law claims.

---

[9] *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

[10] *Buchanan-Moore*, 570 F.3d at 827.

[11] *Pisciotta v. Old National Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

[12] *Doe v. Lawrence Hall Youth Services*, 966 N.E.2d 52, 62 (Ill.App.Ct. 1st Dist. 2012) (original emphasis) (citing *Deloney v. Board of Education*, 666 N.E.2d 792, 795 n.5 (Ill.App.Ct. 1st Dist. 1996) ("in Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment")).

In *Doe v. Lawrence Hall Youth Services*, the father of a residential private school student filed suit against the school, alleging that a female teacher engaged in an improper sexual relationship with the student off campus. The trial court dismissed the plaintiff's suit on the grounds that the sexual misconduct by the teacher was completely outside the scope of her employment with the school, so that the plaintiff had no claim under a *respondeat superior* argument. The Illinois Appellate Court affirmed, holding that the teacher's "alleged sexual assault of plaintiff cannot be said to have furthered defendant's business. Accordingly, *as a matter of law*, defendant is not liable for [the teacher's] actions since they were not within the scope of her employment."[13]

In reaching its decision in *Doe*, the Illinois Appellate Court relied primarily on its prior holdings in *Deloney v. Board of Education* and *Stern v. Ritz Carlton Chicago*.[14] In *Deloney*, a truant officer allegedly sexually assaulted a student under the pretext of reviewing her enrollment application. The student filed suit based on these actions, which she claimed occurred while the officer was employed by the school board and were within the scope of his employment. The Illinois Appellate Court found that the allegations of sexual misconduct, even if true, had no

---

[13] *Doe*, 966 N.E.2d at 62 (added emphasis).

[14] *See Doe*, 966 N.E.2d at 61 ("Our holding in *Deloney* solidifies our view on the particular issue of whether employers are vicariously liable for sexual assaults committed by their employees") (citing *Stern v. Ritz Carlton Chicago*, 702 N.E.2d 194, 198 (Ill.App.Ct. 1st Dist. 1998) (*Deloney* "provides an exhaustive review of cases involving 'scope of employment' as a basis for determining whether employers are vicariously liable for sexual assaults committed by their employees"); *see also Doe*, 966 N.E.2d at 61 ("This holding was later affirmed in *Stern*, which also reexamined many of the vicarious liability cases involving sexual assaults upon which *Deloney* relied.").

relation to the officer's job duties and were committed, if at all, for his personal benefit.[15] This made his actions outside the scope of employment "as a matter of law" and therefore not attributable to the board, even though the officer's employment provided the opportunity for his misconduct.[16] As the *Deloney* court stated, "by no stretch of the imagination could his actions be deemed an extension, albeit unlawful, of his functions or responsibilities as a truant officer."[17] The appellate court ultimately held that "aggravated criminal sexual assault, by its very nature precludes a conclusion that it was committed within the scope of employment,"[18] and thus an employer cannot be responsible when an employee is said to have committed it.

This holding was later affirmed in *Stern*. In *Stern*, two women claimed that a hotel's masseurs sexually assaulted them during their massages and brought suit based on these actions against the hotel asserting vicarious liability. The *Stern* court, citing *Deloney* and its progeny, found, as a matter of law, that the hotel was not liable for the actions of the masseurs since those actions were not within the scope of their employment.[19] According to the court, this was because there was no way to interpret the sexual assaults by the masseurs-employees as acts in furtherance of the business interest of the employer-hotel.[20]

---

[15] *Deloney*, 666 N.E.2d at 799.

[16] *Id.* at 797.

[17] *Id.* at 800.

[18] *Id.* at 797.

[19] *Stern*, 702 N.E.2d at 198.

[20] *Id.* Accord *Randi F. v. High Ridge YMCA*, 524 N.E.2d 966 (1988) (sexual assault of child by day-care teacher is deviation from scope of employment); *Webb v. Jewel Cos.*, 485 N.E.2d 409 (1985) (sexual molestation of plaintiff by supermarket security guard during search

Thus, Defendant City is entitled to judgment on Plaintiff's state law claims against it in Count IX and Count X because both counts essentially allege *respondeat superior* liability and, as a matter of law, the individual defendants were not acting within the scope of their employment if they sexually assaulted Plaintiff. In Count IX, Plaintiff explicitly seeks to hold the City liable for the tortious conduct of the individual defendants under the doctrine of *respondeat superior*, and in Count X she seeks to require the City to pay any tort judgment for compensatory damages for which Defendants Clavijo and Vasquez may be liable. The City is vicariously liable for the state law torts of its employees, however, only if those torts were committed within the scope of their employment,[21] and it is not required to pay any tort judgment or any associated attorney's fees and costs for which an employee who is not acting within the scope of his employment is liable.[22] Taking Plaintiff's allegations as true that she was sexually assaulted by Defendants Clavijo and Vasquez, as it must do, for purposes of this motion, this Court should therefore enter judgment for Defendant City on Plaintiff's state law claims against it. These claims are both based on the doctrine of *respondeat superior*, and the City as the then-employer of the individual defendants cannot be vicariously liable when its employees commit sexual assault, because sexual assault is never within an employee's scope of employment.

---

of plaintiff outside scope of employment; no vicarious liability); *Hoover v. University of Chicago Hospitals*, 366 N.E.2d 925 (1977) (physician's sexual assault of patient not act in furtherance of hospital's business; therefore, hospital not liable under theory of *respondeat superior*).

[21] *See Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 612 n.2 (7th Cir. 2008).

[22] *See* 745 ILCS 10/9-102.

**Conclusion**

For the reasons explained above, this Court should grant Defendant City judgment on the pleadings as to Plaintiff's state law claims against it in Count IX and Count X.

                                                Respectfully submitted,

                                                STEPHEN R. PATTON
                                                Corporation Counsel of the City of Chicago

                                    By:    /s/ George J. Yamin, Jr.
                                                       Senior Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 6217483