IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 cv 3502 |
| v. | ) | |
| | ) | Hon. Ruben Castillo |
| Chicago Police Officer PAUL CLAVIJO, | ) | |
| Chicago Police Officer JUAN VASQUEZ, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR ENTRY OF
CONFIDENTIALITY ORDER**

Plaintiff, JANE DOE, by her attorneys, LOEVY & LOEVY, hereby submits this reply:

1.      The City does not dispute the holding of *Kalven*.  Instead, the City attempts to argue that there is "good cause" under Rule 26(c) to keep the same documents confidential in litigation that it must produce in response to a FOIA request.  Unfortunately, the City cites no authority for this proposition, and none exists.  To the contrary, this Northern District's Model Confidentiality order indicates the exact opposite.  *See* Model Order (Exhibit A to Plaintiff's Motion) at Paragraph 2 ("Information or documents that are available to the public may not be designated as Confidential Information.").

2.      The City's discussion of unfiled discovery vs. filed discovery is inapposite.  None of those cases dealt with materials that were clearly subject to disclosure under FOIA.

3.      Further, the City fails to establish that there is "good cause" to keep CR files confidential under Rule 26(c). To satisfy their good cause burden, Defendants must point to a "clearly defined and very serious injury" caused by public disclosure, *Andrew Corp v. Rossi*, 180

F.R.D. 338, 341 (N.D. Ill. 1998), and make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citations omitted).

4.      The City makes no such showing, except to speculate that CR files have the "potential" to somehow lead to officer harassment or embarrassment because unsustained CRs are not corroborated. *See* City's Response at 4. Not only is this assertion untrue ("unsustained" CRs are corroborated), but it hardly meets the standard set forth by in *Gulf Oil*. And for good reason: by the City's logic, there would also be "good cause" under Rule 26(c) to seal from the every unsuccessful lawsuit ever filed against a Chicago police officer. Surely Rule 26(c) does not support such a result.

5.      Likewise, the City's assertion that the jury pool in this case would somehow be "tainted" unless Plaintiff's counsel is required to keep these documents under lock and key is totally unsupported. The City cites no evidence, anecdotal or otherwise, to back up this sweeping claim; indeed, infamous and well-publicized figures such as former Commander Jon Burge have stood trial in the Northern District yet there are no claims that subsequent jury pools are tainted. Further, Illinois Rules of Professional Conduct regarding pretrial publicity already provide all the protection that is necessary against any possible potential jury-tainting.

6.      Finally, the City attempts to defend the "procedure" it invented for release of CR files by asserting it is merely a safeguard for ensuring that "proper redactions" are made. *See* City's Response at 4. But, as Plaintiff noted in her opening brief and as Judge Kendall observed in *Viramontes*, the Model Order already provides such an adequate procedure. The City does not articulate a need to impose an extra special burden for CR files, namely, that Plaintiff's counsel

somehow track down an unidentified attorney who represents any police officer who may be named in a CR file.

7.      For the foregoing reasons, Plaintiff respectfully requests that the Court enter the confidentiality order attached to her motion as Exhibit A.

RESPECTFULLY SUBMITTED,

/s/ Roshna Bala Keen
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Elizabeth Mazur
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Roshna Keen, certify that on July 7, 2014, I caused the foregoing motion to be served on all counsel of record via CM/ECF filing.

/s/ Roshna Bala Keen