IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 cv 3502 |
| v. | ) | |
| | ) | Hon. Ruben Castillo |
| Chicago Police Officer PAUL CLAVIJO, | ) | |
| Chicago Police Officer JUAN VASQUEZ, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT CITY OF CHICAGO'S MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTS IX AND X**

Plaintiff, by and through her counsel, hereby respectfully submits this Opposition to

Defendant City of Chicago's motion for judgment on the pleadings as to Counts IX and X, as

follows:

**Introduction**

The City moves to dismiss Plaintiff's claims of *respondeat superior* and indemnification,

arguing that neither of the defendants acted within the scope of employment during their

interactions with Plaintiff, and thus the City has no obligation to pay a tort judgment against the

officers. In so arguing, the City overlooks that Plaintiff has sued both officers for failing to

intervene to prevent the other's misconduct toward Plaintiff. Each officer's failure to intervene, if

proven, is certainly within the scope of his employment as a sworn police officer, and thus the City

cannot escape its statutory obligation to pay any associated damages award. The City also ignores

Plaintiff's Fourth Amendment seizure claim, which arises out of conduct that is separate from the

sexual assault. Both of these claims, if proven, involve acts that are indisputably within the scope of an officer's employment. For these reasons alone, the City's motion must be denied.

The City's motion fails the addition reason that the scope of employment inquiry is a highly fact-intensive one that should not be undertaken until liability has been determined. Where, as here, there are disputed facts, and the officers could be found to be acting within the scope of their employment, the City's attempt at a judgment now is both premature and unsupported.

In essence, the City seeks a ruling that as a matter of law, it need not be held liable for the torts of its officers. Yet discovery has only recently commenced, and the factual record that has been developed thus far contains serious factual disputes on this very issue. Moreover, the City must participate in this litigation with respect to Plaintiff's *Monell* claims. Its present motion will, therefore, not materially advance the litigation in any way. The City's arguments should be raised at summary judgment, not now.

### Relevant Facts

Plaintiff alleges that on March 30, 2011, she was on her way home when she encountered the defendant police officers. Dckt. 1 at ¶6, 7. At the time, the defendants were uniformed, on-duty officers, sitting in their marked police car. *Id*. at ¶¶7-8. The defendants waved Plaintiff over to their car. *Id*. at ¶7. Plaintiff obeyed. *Id*. at ¶9. The Defendants offered to assist Plaintiff by giving her a ride home, but then directed her to enter the front seat, telling her that she was not allowed to sit in the back seat. *Id*. at ¶11.

Defendants Vasquez and Clavijo then drove with Plaintiff to a liquor store. *Id*. at ¶ 13. Vasquez entered the liquor store, leaving Clavijo alone with Plaintiff. *Id*. at ¶ 14.Clavijo then sexually assaulted Plaintiff. When Vasquez returned to the vehicle, the officers laugher together. *Id*. at ¶ 15.

Following this assault, the defendant officers took Plaintiff to her home. *Id*. at ¶ 16-17. The officers directed her to her apartment and insisted on entering with her. *Id*.

Inside the apartment, Clavijo sexually assaulted Plaintiff, with Vasquez present. *Id*. at ¶ 18. Defendant Vasquez also sexually assaulted Plaintiff, with Clavijo present. *Id*. At no time did either officer make any attempt to stop the other officer from engaging in this egregious misconduct. *Id*. at 47. Plaintiff screamed for help and eventually broke free. *Id*. at ¶ 19. She was treated at a hospital shortly thereafter. *Id*. at ¶ 20.

Shockingly, just two weeks earlier, both officers committed a strikingly similar misdeed: on March 11, 2011, Clavijo sexually assaulted another civilian. *Id*. at ¶ 24.

Following both attacks, the Cook County State's Attorney prosecuted Clavijo and Vasquez for, among other things, official misconduct. *Id*. at ¶ 25.

### Argument

### A. The City Will Be Required To Indemnify The Officers If Plaintiff Prevails on Her Failure to Intervene and Unlawful Seizure Claims.

In Count IV of her Complaint, Plaintiff alleges that each of the Defendant Officers had a reasonable opportunity to prevent the violation of her constitutional rights. *See* Dckt. 1 at ¶47. She further alleges that each defendant *failed to do so*, and as a result, his fellow officer's sexual assault occurred. *Id*. Because of each Defendant's failure to intervene, Plaintiff was damaged. *See id*. at ¶¶ 47, 50.

It is well-settled that sexual assault committed under color of law is a constitutional violation. *See Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("rape committed under color of state law is [ ] actionable" as due process violation); *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997) (allegation of coercion to engage in oral sex states substantive due process claim). Plaintiff alleges that Officers Clavijo and Vasquez were on-duty, in uniform, and acting under

color of law when they sexually assaulted her. *See* Dckt. 1, Complaint, at ¶¶5, 8. The Defendants concede that at all relevant times, they acted under color of law. *See* Dckt. # 36 (Clavijo Answer), 38 (Vasquez Answer), at ¶5. If Plaintiff's allegation that the sexual contact was non-consensual is proven, she will have established a constitutional violation. *See Alexander*, 329 F.3d at 916.

Each defendant had a duty to intervene to prevent Plaintiff's sexual assault where, as is alleged here, he was informed of the facts that would establish a constitutional violation and had the ability to prevent it. *See Montano v. City of Chicago*, 535 F.3d 558, 596 (7th Cir. 2008) (internal citations omitted). *See also* 7th Cir. Pattern Civil Jury Inst. 7.16 (elements of bystander liability). Indeed, the officers can hardly argue that they did not realize what was likely to occur: they had been together just two weeks prior, when on-duty Clavijo sexually assaulted another woman under similar circumstances. Each defendant's failure to intervene while on-duty is precisely the kind of tort that falls within the scope of his employment. *See, e.g.*, *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998). The City does not argue otherwise, nor can it, given clear precedent in this Circuit.[1]   For these reasons, the City's motion should be denied.

The City also neglects any mention of Plaintiff's Fourth Amendment seizure claim. Under Plaintiff's set of facts, she was effectively seized by the officers when they directed her into the front seat of the police car, took her to her apartment, and then insisted on entering her apartment with her, without consent. A person is seized within the meaning of the Fourth Amendment if, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554-555 (1980) (plurality opinion). Seizures can take many forms: a person may be seized if she "is not touched at all but submits to an officer's order accompanied by a show of authority."

---

[1] Furthermore, the City has forfeited any arguments not made in its opening motion. *See, e.g., Geist v. Glenkirk*, No. 01 C 0700, 2001 WL 1268574, at *3 (N.D. Ill. Oct. 23, 2001).

*Spiegel v. City of Chicago*, 106 F.3d 209, 211 (7th Cir. 1997). The City does not argue that the officers' seizure, separate and apartment from their sexual misconduct, are acts outside the scope of the officers' employment. That concession is appropriate; the question is a fact-intensive one that cannot be resolved at the pleadings stage. *See, e.g., Doe v. Roe*, 2013 WL 2421771, at *5 (N.D.Ill. June 3, 2013).

In summary, if Plaintiff's allegations are taken as true, as they must be, the City cannot escape its indemnification obligations, at least at this stage.

**B.  Liability Should Be Established Before Scope of Employment Is Resolved.**

The City's contention that scope of employment can be resolved now runs headlong into a line of cases specially holding that scope of employment, *particularly involving police officers*, generally cannot be resolved on summary judgment, let alone on the face of the complaint.  *See, e.g., Javier v. City of Milwaukee*, 670 F.3d 823, 830 (7th Cir. 2012) ("[W]e have noted that scope-of-employment issues can be especially challenging in cases alleging police misconduct"). The Seventh Circuit has repeatedly admonished—including in a case alleging sexual assault by a police officer—that the scope of employment determination, particularly when it involves police officers, generally cannot be resolved on summary judgment because of the highly fact-intensive analysis required and should be deferred until liability is resolved. Resolution of Plaintiff's indemnification count is, thus, premature at this stage.

In *Doe v. City of Chicago*, a case involving a police officer's sexual assault of a civilian, the Seventh Circuit reversed the district court's grant of summary judgment on the indemnification claim in favor of the City, stating, "[w]e have warned repeatedly against trying to resolve indemnity before liability." 360 F.3d 667, 671-72 (7th Cir. 2004) (citing *Lear Corp. v. Johnson Electric Holdings Ltd.,* 353 F.3d 580, 583 (7th Cir. 2003); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir.

1995); *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833-34 (7th Cir. 1992)). There, plaintiff alleged that a police officer harassed her and broke into her home after he pulled her over for no reason and asked to see her driver's license in order to obtain her address. The Seventh Circuit instructed that the resolution of liability must precede the resolution of scope: "The issue of the City's responsibility for the torts of its police officers is a difficult one that the district judge should not have attempted to resolve before the actual facts bearing on the issues were determined." *Doe*, 360 F.3d at 673.

Consistent with *Doe,* numerous courts in this Circuit have held – in cases involving alleged sexual assault by law enforcement officials – that the question of whether the sexual assault occurred in the scope of the officer's employment cannot be resolved on a motion to dismiss or even at summary judgment. *See*, *e.g.*, *Doe v. Roe*, 2013 WL 2421771, at *5 (denying summary judgment on scope of employment in police sexual assault case and noting that jury could find that conduct was within scope, noting among other facts that "Roe would not have been able to make Doe get into his car "if he were anything other than a [police officer] in uniform."); *Doe v. Lee*, 2013 WL 1883288, at *8 (N.D.Ill. May 6, 2013) (denying summary judgment as premature in police sexual assault case); *Arias v. Allegretti*, 2008 WL 191185, at *5 (N.D. Ill. Jan. 22, 2008) (denying as premature City's motion for summary judgment in § 1983 case involving sexual assault by police officer); *Klipfel v. Gonzales*, No. 94 CV 6415, 2006 WL 1697009, at *13-14 (N.D. Ill. June 8, 2006); *Estate of Watts v. Heine*, No. 07 CV 644, 2008 WL 4058032, at *4 (E.D. Wis. Aug. 26, 2008). Whether Defendants Clavijo and Vasquez are liable to Jane Doe for sexually assaulting her is a question that the jury must decide – Defendants claim the encounter was consensual, but Plaintiff asserts that it was not. Resolving scope prior to the jury's determination of liability would be premature, and the issue should be deferred.

Moreover, whether an employee acted within the scope of employment is itself a fact question for the jury. *Lujano v. Town of Cicero*, 691 F. Supp. 2d 873, 889 ("Illinois courts have held that whether acts fall within the scope of an employee's employment is a question of fact.") (citing *Career Concepts, Inc. v. Synergy, Inc.,* 865 N.E.2d 385, 393 (Ill. App. Ct. 2007)). "Only if no reasonable person could conclude from the evidence that an employee was acting within the course of employment should a court hold as a matter of law that the employee was not so acting." *Davila v. Yellow Cab Co.,* 776 N.E.2d 720 (Ill. App. Ct. 2002); *see also Pyne v. Witmer*, 129 Ill.2d 351 (1989) (citing Restatement (Second) of Agency, § 228 (1958)).

Here, discovery is on-going, and there are already disputes of fact that render it impossible to determine at this stage that defendants were not acting within the scope of their employment during their sexual contact with Plaintiff. For instance, the Defendants themselves contend that they were acting within the scope of their employment. *See* Ex. A, Clavijo Resp. to Req. to Admit ¶ 11 (admitting that he acted within the scope of his employment during his interactions with Plaintiff); Ex. B, Vasquez Resp. to Req. to Admit ¶ 11 (same). Early resolution of scope of employment is only appropriate, if at all, when "the facts are undisputed and permit but one result." *See Jude v. City of Milwaukee*, 2010 WL 2643383, at *3 (E.D. Wisc. June 30, 2010), *citing Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1093 (7th Cir. 1990). As the foregoing demonstrates, and as further explained below, this is not such as a case.

### C.  On the Merits, Sexual Assault By A Police Officer Can Be Within the Scope of Employment.

Given that scope of employment is a highly fact-intensive inquiry, it is perhaps unsurprising that, under certain facts, Illinois courts and the Seventh Circuit have recognized that sexual assault by an on-duty police officer can be within the scope of employment. In *West v. Waymire*, 114 F.3d 646 (7th Cir. 1997), for example, a police officer repeatedly molested a

thirteen-year-old girl who he picked up and drove home in order to enforce the town curfew. The

Seventh Circuit was asked to determine the municipality's liability under *Monell*, but before doing

so, the court first analyzed whether the officer's sexual assault fell within the scope of his

employment. The court concluded that it did. Recognizing that police officers are different than

other more traditional employees, the court explained:

> When the employee is a male police officer whose employer has invested him with
> the intimidating authority to deal in provide with troubled teenaged girls, his taking
> advantage of the opportunity that authority and proximity and privacy give him to
> extract sexual favors from these girls should be sufficiently within the orbit of his
> employer-conferred powers to bring the doctrine of *respondeat superior* liability
> into play, even though he is not acting to further the employer's goals but instead is
> on a frolic of his own. We want the police department to supervise its officers in
> this domain with especial care, and so we do not impose on the plaintiff the burden
> of establishing negligent supervision.

*Id*. at 649. *Waymire*'s rationale was embraced by the Seventh Circuit in *Doe v. City of*

*Chicago*, 360 F.3d 667 (7th Cir. 2004), which involving sexual misconduct by an on-duty police

officer. *See also Jansen v. Packaging Corp. of Am.*, 123 F.3d 490, 507 (7th Cir. 1997)(citing

approvingly to "the class of classes, illustrated also by sexual molestation by police officers, as in

our recent *West*[], in which the employer has entrusted the employee with unique power to molest

or otherwise oppress subordinates or members of the public").

Plaintiff acknowledges that some courts have held, under the particular facts presented in

those cases, that sexual assault was outside the scope of defendant's employment. *See, e.g.*, *Doe v.*

*Lawrence Hall Youth Services*, 966 N.E.2d 52, 62 (Ill.App.Ct. 1st Dist. 2012); *Stern v. Ritz*

*Carlton Chicago*, 702 N.E.2d 194, 198 (Ill.App.Ct. 1st Dist. 1998).   *See also Johnson v. Cook*

*County*, 2013 WL 2005236 (7th Cir. May 15, 2013) (collecting Illinois cases). Those decisions,

however, are limited to the facts on which they were decided, and none of them involves conduct

by police officers.

Indeed, one of the Illinois cases relied on heavily by Defendant acknowledges that police officers may be treated differently than other kinds of employees, for purposes of the scope analysis. *See Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775 (Ill. App. Ct. 1996). *Deloney* involved a school board truant officer who sexually assaulted a student. The court observed that sexual assault is generally outside of scope, but in doing so, it suggested that the scope analysis could yield a different result for police officers. *Id.* at 786 n.5, 787 n.6, 787-88. For instance, the court distinguished cases cited by one of the parties as inapposite because, among other reasons, those cases involved *police* officers, as opposed to school employees. *Id.* at 787-88. The *Deloney* court also quoted the following passage from *Mary M. v. City of Los Angeles,* 54 Cal.3d 202, 285 Cal.Rptr. 99, 814 P.2d 1341 (1991), which expressly distinguished police officers from school employees by reasoning that,

> [T]the very nature of law enforcement employment requires exertion of physical control over persons whom an officer has detained or arrested. The authority to use force when necessary in securing compliance with the law is fundamental to a police officer's duties in maintaining the public order. That authority carries with it the risk of abuse. The danger that an officer will commit a sexual assault while on duty arises from the considerable authority and control inherent in the responsibilities of an officer enforcing the law. Those responsibilities do not at all resemble the duties of a school custodian.") (internal citations omitted).

*Id.*, citing 54 Cal.3d at 218-19.[2]

---

[2] In an analogous context, violence by police officers has long been treated as within the scope of a police officer's employment. *See, e.g., Wilson v. City of Chicago*, 900 F. Supp. 1015, 1029-31 (N.D. Ill. 1995) (beating and torture incident to police interrogation is within the scope of employment). The separation of sexual assault from other forms of violence is an artificial one, and one that is not maintained in other arenas, such as in the criminal context. *See, e.g.*, 720 ILCS 5/12-13 (defining "criminal sexual assault" as an act of sexual penetration involving the "use[] force or threat of force"); 740 ILCS 5/33-A2 ("a person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law…."). As an act of violence, sexual assault cannot be neatly separated out from other types of force that do fall comfortably within the ambit of an officer's scope of employment. None of the authorities cited by the City addresses this reality. Moreover, particularly at this early juncture, when the record has not been fully developed as to the nature and kind of force used on Plaintiff in the course of her attack, the Defendant's motion is at best premature.

**Conclusion**

Judgment on the pleadings is simply not appropriate here. The City is obligated to indemnify any judgment on Plaintiff's failure to intervene and unlawful seizure claims. Moreover, Plaintiff has a colorable claim that the defendant officers acted within the scope of their employment when they sexually assaulted her. Without discovery, and before an adjudication of liability, scope cannot and should not be decided.

RESPECTFULLY SUBMITTED,

/s/ Roshna Bala Keen
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Elizabeth Mazur
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

<u>CERTIFICATE OF SERVICE</u>

I, Roshna Bala Keen, an attorney, certify that on July 30, 2014, I served this Response on all counsel of record via the CM/ECF system.

/s/ Roshna Bala Keen