IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | No.  11 CV 3502 |
| ) | |
| vs. ) | Chief Judge Ruben Castillo |
| ) | |
| Chicago Police Officer PAUL CLAVIJO, ) | |
| Chicago Police Officer JUAN VASQUEZ, ) | |
| and CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CLAVIJO'S RESPONSES TO PLAINTIFF'S
CORRECTED FIRST SET OF REQUESTS TO ADMIT TO
DEFENDANTS PAUL CLAVIJO AND JUAN VASQUEZ**

Defendant Paul Clavijo (Clavijo), by and through his attorneys, Breen &

Pugh, for his responses to Plaintiff's corrected first set of requests to admit, states

as follows:

**Requests to Admit**

1.    You had sex with Plaintiff on March 30, 2011.

**RESPONSE:**      Admit.

2.    You had physical contact of a sexual nature with Plaintiff on March 30, 2011.

**RESPONSE:**     Defendant Clavijo objects to this interrogatory on the grounds

that the interrogatory is vague and ambiguous.  Subject to and without waiving this

objection, admit.

3.    You had physical contact of a sexual nature with Plaintiff on March 30, 2011
       inside your police vehicle.

**RESPONSE:**      Defendant Clavijo objects to this interrogatory on the grounds

that the interrogatory is vague and ambiguous. Subject to and without waiving this objection, admit.

4.      You had physical contact of a sexual nature with Plaintiff on March 30, 2011 inside her apartment.

**RESPONSE:**      Defendant Clavijo objects to this interrogatory on the grounds that the interrogatory is vague and ambiguous. Subject to and without waiving this objection, admit.

5.      You entered Plaintiff's apartment building on March 30, 2011.

**RESPONSE:**      Admit.

6.      You entered Plaintiff's apartment on March 30, 2011.

**RESPONSE:**      Admit.

7.      While you were inside Plaintiff's apartment on March 30, 2011, Plaintiff began banging on her walls for the purpose of seeking help.

**RESPONSE:**      Deny.

8.      While you were inside Plaintiff's apartment on March 30, 2011, Plaintiff called out for help.

**RESPONSE:**      Deny.

9.      You allowed Plaintiff to travel in your marked police car.

**RESPONSE:**      Admit.

10.      You allowed Plaintiff to travel in your marked police car for the purpose of transporting her to her home.

**RESPONSE:**      Admit.

11.      At all times during your interaction with Plaintiff, you acted within the scope of your employment.

**RESPONSE:**      Admit.

2

12. At all times during your interaction with Plaintiff, you acted under color of law.

**RESPONSE:** Admit.

13. When you interacted with Plaintiff, you were wearing your Chicago police uniform.

**RESPONSE:** Admit.

14. When you interacted with Plaintiff, you were carrying your department-issued handgun.

**RESPONSE:** Deny.

15. When you interacted with Plaintiff, you were carrying your department-issued handcuffs.

**RESPONSE:** Deny.

16. You sexually assaulted a woman on March 11, 2011.

**RESPONSE:** Deny.

17. At no time between March 11, 2011 and March 30, 2011, were you disciplined in any way, for any reason.

**RESPONSE:** Admit.

18. You had a partner on March 11, 2011.

**RESPONSE:** Admit.

19. You had a partner on March 30, 2011.

**RESPONSE:** Admit.

20. The officer who was your partner during your March 11, 2011 shift never reported to the Chicago Police Department that you may have committed misconduct during that shift.

**RESPONSE:** Defendant Clavijo lacks knowledge or information sufficient to

to admit or deny the request to admit in this paragraph.

3

21.     The officer who was your partner during your March 30, 2011 shift never reported to the Chicago Police Department that you may have committed misconduct during that shift.

**RESPONSE:**     Defendant Clavijo lacks knowledge or information sufficient to

to admit or deny the request to admit in this paragraph.

22.     You were terminated from the Chicago Police Department after the Office of the Cook County State's Attorney initiated criminal charges against you.

**RESPONSE:**     Deny.

23.     An investigator working on your behalf published Plaintiff's name and date of birth on a website.

**RESPONSE:**     Defendant Clavijo objects to this interrogatory on the grounds

that the interrogatory is vague and ambiguous, seeks information that is not

relevant to Plaintiff's claims, and is not reasonably calculated to lead to relevant

information.  Subject to and without waiving these objections, admit.

24.     An investigator working on your behalf publicly requested "all information no matter how trivial" about Plaintiff, after she accused you of rape.

**RESPONSE:**     Defendant Clavijo objects to this interrogatory on the grounds

that the interrogatory is vague and ambiguous, seeks information that is not

relevant to Plaintiff's claims, and is not reasonably calculated to lead to relevant

information.  Subject to and without waiving these objections, admit.


                          Respectfully submitted,

                          /s/   Jonathan M. Brayman

Thomas M. Breen
Todd S. Pugh
Jonathan M. Brayman
BREEN & PUGH

                              4

53 West Jackson Boulevard
Suite 1460
Chicago, Illinois 60604
(312) 360-1001

## CERTIFICATE OF SERVICE

I, Jonathan M. Brayman, hereby certify that on July 2, 2014, I served the foregoing, *Defendant Clavijo's Responses to Plaintiff's Corrected First Set of Requests to Admit to Defendants Paul Clavijo and Juan Vasquez*, on counsel of record via electronic means and U.S. mail.

/s/    Jonathan M. Brayman
One of Defendant Clavijo's Attorneys

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

By: _____

7/2/14