IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | 11 C 3502 |
| Plaintiff, | ) | |
| | ) | Judge Castillo |
| v. | ) | |
| | ) | |
| Chicago Police Officer PAUL CLAVIJO, | ) | Magistrate Judge Finnegan |
| Chicago Police Officer JUAN VASQUEZ, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S REPLY IN SUPPORT
OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO COUNTS IX AND X OF PLAINTIFF'S COMPLAINT**

Defendant City of Chicago has moved for judgment on the pleadings as to Plaintiff's state law claims against the City, brought in Count IX ("Respondeat Superior") and Count X ("Indemnification"), because as a matter of law, the individual defendants were not acting within the scope of their employment if they sexually assaulted Plaintiff. Black-letter Illinois law on this issue is clear: Defendant City cannot be vicariously liable for the individual defendants' sexual assault of Plaintiff, if it occurred, because sexual assault is never within the scope of one's employment. The Illinois Appellate Court has held that "[s]exual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the

1

doctrine of *respondeat superior*."[1]  Accordingly, Defendant City is entitled to judgment on Plaintiff's state law claims.

## Argument in Reply

I. *Plaintiff's failure to intervene and illegal seizure claims do not create an issue of fact as to whether the individual defendants were acting within the scope of their employment.*

According to Plaintiff, the fact that she has sued both of the individual defendants for failing to intervene and for illegal seizure places them within the scope of their employment because these claims arise out of conduct that is separate from sexual assault.[2]  Plaintiff, however, is incorrect.

The gravamen of Plaintiff's Complaint is that the individual defendants sexually assaulted her.  If they committed a sexual assault, the defendants were acting outside the scope of their employment because they were acting to advance a completely personal objective.  Plainly, the conduct underlying Plaintiff's failure to intervene and illegal seizure claims was also motivated by their own interests and not the interest of the City.  Neither Clavijo nor Vasquez "intervened" in the other's actions because to do so would implicate his own misconduct.  Hence, having sex while on-duty, and failing to report that one's partner is doing the same, are both motivated entirely by self-interest, and cannot be within the scope of the defendants' employment.  And the seizure of Plaintiff was committed in order to make possible the alleged sexual assault.  Hence, all of the acts of the individual defendants are interconnected, together

---

[1] *Doe v. Lawrence Hall Youth Services*, 966 N.E.2d 52, 62 (Ill.App.Ct. 1st Dist. 2012) (original emphasis) (citing *Deloney v. Board of Education*, 666 N.E.2d 792, 795 n.5 (Ill.App.Ct. 1st Dist. 1996) ("in Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment").

[2] *See* Plaintiff's Response in Opposition ("Response") at 1-2.

forming a unified whole intended to serve only their own interests. Accordingly, Plaintiff's failure to intervene and illegal seizure claims do not create an issue of fact as to whether the individual defendants were acting within the scope of their employment.

  II.   *Judgment on the issue of scope of employment is timely and no factual inquiry is necessary because sexual assault is outside the scope of employment as a matter of law.*

Plaintiff argues that scope of employment inquiry is a fact question for the jury and that scope of employment should not be resolved until liability has been determined. Hence, the City's attempt at a judgment now is premature, especially because discovery could disclose that the individual defendants acted within the scope of their employment.[3]

While Plaintiff's argument may have merit in other cases where different conduct is at issue, Illinois courts have held that sexual assailants are acting outside the scope as a matter of law. As a result, no fact inquiry is necessary, and judgment for the City on the issue of scope is appropriate at the pleadings stage. To the extent that there are factual disputes in this litigation, these disputes involve whether the sexual encounters between Plaintiff and the individual defendants were consensual. However, for purposes of this motion, it must be taken as true that the defendants sexually assaulted Plaintiff. With these allegations construed in her favor, as this Court must do, the law requires a judgment for the City on this issue.

  III.   *The fact that the individual defendants may have violated Plaintiff's constitutional rights does not mean they were acting within the scope of their employment.*

Plaintiff contends that the conduct of the individual defendants must have been committed within the scope of their employment because their acts violated Plaintiff's

---

[3] *See* Response at 2, 7.

constitutional rights.[4] This contention is erroneous. By answering her Complaint, the City acknowledges that Plaintiff has properly pleaded constitutional claims against Defendants, although at this time it lacks knowledge or information sufficient to admit or deny that the individual defendants were acting under color of law during their encounter with Plaintiff. However, "scope of employment" analysis differs from "color of law" analysis. A state actor can violate another's constitutional rights without acting within the scope of his employment. "The under color of law requirement is necessary to impose liability against an individual police officer, while the scope of employment requirement is necessary to hold the individual officer's employer . . . responsible for the plaintiff's damages pursuant to 745 ILCS 10/9–102."[5] Accordingly, whether constitutional claims are properly pleaded or even eventually proven, and whether the individual defendants were acting under color of law, are immaterial to a determination of whether these defendants were acting within the scope of their employment.

IV. *Contrary to Plaintiff's assertions, Seventh Circuit law does not usurp the binding precedential authority of the Illinois law upon which the City relies.*

Citing Seventh Circuit law, Plaintiff argues that the issue of scope of employment cannot be resolved on the pleadings because the scope analysis differs when it involves police officers, including those who engage in sexual misconduct.[6] In support, Plaintiff depends primarily on

---

[4] *See id.* at 3-5.

[5] *Chavez v. Guerrero*, 465 F.Supp.2d 864, 869 n.4 (N.D.Ill., 2006) (Castillo, J.) (citations omitted).

[6] *See* Response at 5-6, 7-8.

*Javier v. City of Milwaukee*,[7] *Doe v. City of Chicago*,[8] and *West v. Waymire*.[9]  However, these cases do not usurp the binding precedential authority of the Illinois law upon which the City relies.

*Javier* does not apply here because the police misconduct at issue in that case did not involve sexual assault.  The Illinois law on sexual assault falling outside the scope of employment is in tension with Judge Posner's opinions in *West* and *Doe* – cases that did involve police sexual misconduct.  In *West*, Judge Posner stated that municipalities should be strictly liable for the acts of police.  There, a police department ignored complaints about an officer's conduct towards underage girls, and this officer was eventually arrested for statutory rape.[10]  Judge Posner wrote that while sexual misconduct does not normally fall under the scope of employment, an exception should exist for police officers.[11]  However, because the scope of employment was not at issue in *West*, Judge Posner's observations are dicta.  In *Doe*, Judge Posner again stated his "strict liability" theory.[12]  However, *Doe* was an appeal from the district court's order granting summary judgment in favor of the city on an indemnity claim.[13]  Judge Posner rejected a request by both parties to certify the question of strict municipal liability to the

---

[7]  670 F.3d 823 (7th Cir. 2012).

[8]  360 F.3d 617 (7th Cir. 2004).

[9]  114 F.3d 646 (7th Cir. 1997).

[10]  *See* 114 F.3d at 647-49.

[11]  *See id.* at 649.

[12]  *See* 360 F.3d at 671 (citations omitted).

[13]  *See id.* at 667.

Illinois Supreme Court, because *Doe*'s procedural posture was inappropriate for certification.[14] Thus, as in *West*, Judge Posner's strict liability theory in *Doe* is mere dicta.

Illinois law still governs indemnification despite *Doe* and *West*. In *Rivera v. City of Chicago*, the plaintiff argued that Judge Posner's remarks in *Doe* and *Waymire* should be adopted by the court to find the City strictly liable for the defendant's acts.[15] Judge Kennelly rejected this argument: "Judge Posner clearly acknowledged . . . that the decision to make such a doctrinal shift is within the purview of the Illinois Supreme Court, not the federal appellate or district courts . . . *West* and *Doe* do not permit this Court to disregard the precedents of the Illinois Supreme Court."[16] And in *Johnson v. Cook County* the Seventh Circuit reaffirmed the primacy of Illinois law on this issue. As the court wrote, citing *Doe v. Lawrence Hall Youth Services*[17] and *Deloney v. Board of Education*,[18]

> . . . Illinois courts have explicitly declared [that] sexual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*. . . . As a federal court, we are reluctant to expand the law of a state in a manner that, while perhaps logical, is not clearly in line with the state's existing thinking on the subject.[19]

---

[14] *See id.* at 672.

[15] *See Rivera v. City of Chicago*, 2005 WL 2739180 at *7 (N.D.Ill., Oct. 24, 2005).

[16] *Id.*

[17] 966 N.E.2d 52, 62 (Ill.App.Ct. 1st Dist. 2012).

[18] 666 N.E.2d 792, 798 n.5 (Ill.App.Ct. 1st Dist. 1996).

[19] 526 Fed.Appx. 692, 697 (7th Cir. 2013) (original emphasis) (citations and internal quotation marks omitted).

The *Johnson* court explicitly declined to be "the first court interpreting Illinois law to extend the doctrine of respondeat superior to a sexual assault claim."[20] Accordingly, because Illinois law must decide the scope of employment question, *Doe* and *West* do not subject the City to liability.

V. *Contrary to Plaintiff, the cases upon which the City relies do not require an exception for police officers.*

Plaintiff contends that this Court should disregard the cases relied on by the City because they do not involve police officers, and asserts that *Deloney* in particular acknowledges that police officers should be treated differently for purposes of the scope analysis.[21] Plaintiff, however, misreads the law. In *Deloney*, the court observed in a footnote that while a 1991 decision by a California court made a distinction between the duties of law enforcement officials and those of school custodians, "in Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment."[22] To the extent that *Deloney* in its analysis of the issue before it addresses legal authority involving police officers, it reinforces (rather than questions) the well-established legal proposition in Illinois that acts of sexual assault are not within the scope of employment as a matter of law. In *Deloney*, the plaintiff relied on two cases that were "readily distinguishable" from the facts of *Deloney* because "[b]oth cases involved police officers whose misconduct could be characterized as an extension, albeit unlawful, of their police function."[23] In *Rogers v. City of Youngstown* (a 1991 Ohio case), the

---

[20] *Id.*

[21] *See* Response at 8-9.

[22] 666 N.E.2d 792 at 799 n.5.

[23] *Id.* at 800.

officer was alleged to have assaulted and battered the private citizen while in uniform and while on duty.[24] In *Hassan v. Fraccola* (a 1988 New York case), the officer took the citizen into custody and filed a false police report concerning the incident.[25] According to the court in *Deloney*,

> Such actions are distinguishable from the actions of the truant officer in the instant case since the establishment of a sexual relationship with a minor could not conceivably relate to or be encompassed within the truant officer's public function. While Deloney's public employment provided the opportunity for his misconduct, by no stretch of the imagination could his actions be deemed an extension, albeit unlawful, of his functions or responsibilities as a truant officer.[26]

Most important, Plaintiff fails to point to any Illinois case holding that police officers who sexually assault citizens are an exception to the bright line rule that acts of sexual assault are not within the scope of employment. Thus, Plaintiff's argument here is unavailing.

## Conclusion

If this Court grants the City's motion, this litigation will move forward in significant ways. A ruling that the individual defendants acted outside the scope of their employment means that the City is not required to indemnify them for any conduct for which they may be liable to Plaintiff; consequently, Plaintiff may reach the City's "deep pocket" only if she can prove that her constitutional rights were violated and satisfy the remaining stringent elements of proof of Section 1983 municipal liability. Thus, the City's Motion for Judgment on the Pleadings

---

[24] *See* 574 N.E.2d 451 (Ohio S.Ct. 1991).

[25] *See* 851 F.2d 602 (2nd Cir. 1988).

[26] 666 N.E.2d 792 at 800.

represents a critical juncture in this litigation, and for the reasons explained above and in its motion, this Court should grant it.

                                            Respectfully submitted,

                                            STEPHEN R. PATTON
                                            Corporation Counsel of the City of Chicago

By:    /s/ George J. Yamin, Jr.
        Senior Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 6217483

9