**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 3502 |
| | ) | |
| Chicago Police Officer PAUL CLAVIJO, | ) | Chief Judge Rubén Castillo |
| Chicago Police Officer JUAN VASQUEZ, | ) | |
| and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe brings this action against the City of Chicago (the "City") and former Chicago police officers Paul Clavijo and Juan Vasquez (collectively, "Defendants") alleging violations of 42 U.S.C § 1983, as well as state law claims for violation of the Illinois Gender Violence Act, 740 Ill. Comp. Stat. 82 *et seq.*, assault and battery, conspiracy, *respondeat superior*, and indemnification. Presently before the Court is the City's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the City's motion is denied.

### RELEVANT FACTS

Plaintiff is a twenty-two-year-old woman and a resident of the City. (R. 1, Compl. ¶ 4.) Plaintiff alleges that on the evening of March 30, 2011, she was on her way home when she encountered Defendants Clavijo and Vasquez (collectively, the "Defendant Officers"). (*Id.* ¶¶ 6-8.) At the time, the Defendant Officers were on duty as Chicago police officers, sitting in a marked police car, uniformed and armed. (*Id.* ¶¶ 7-8.) Plaintiff alleges that the Defendant Officers waved her over to their police car and that she obeyed, believing that the Defendant

Officers had a legitimate police purpose in calling her over. (*Id.* ¶¶ 8-9.) The Defendant Officers offered to give Plaintiff a ride home, and she accepted, assuming it would be safe to accept a ride home from police officers. (*Id.* ¶ 10.) They told her that she was not allowed to sit in the back seat of a police vehicle and directed her instead to sit on Clavijo's lap in the passenger seat. (*Id.* ¶ 11.)

The Defendant Officers then drove with Plaintiff to a liquor store. (*Id.* ¶ 12.) Vasquez went inside the liquor store and left Plaintiff alone with Clavijo in the car. (*Id.* ¶ 13.) Plaintiff alleges that Clavijo proceeded to sexually assault her. (*Id.* ¶ 14.) When Vasquez returned to the car, Plaintiff alleges that the Defendant Officers laughed together. (*Id.* ¶ 15.)

The Defendant Officers then drove Plaintiff to her home and insisted on entering her apartment. (*Id.* ¶¶ 16-17.) Once inside, Plaintiff alleges that both Clavijo and Vasquez sexually assaulted her. (*Id.* ¶ 18.) She alleges that she knocked loudly on her wall in an attempt to wake her neighbors and obtain help, and that once she was able to break free from the Defendant Officers, she ran screaming from her apartment into the hallway. (*Id.* ¶ 19.) Neighboring residents heard Plaintiff's screams and entered the hallway. (*Id.* ¶ 20.) Plaintiff was then taken to the hospital, where she was treated. (*Id.* ¶ 21.) Shortly thereafter, Plaintiff filed a police report with the Chicago Police Department, explaining what the Defendant Officers had done to her. (*Id.* ¶ 22.)

Additionally, Plaintiff alleges that two weeks prior, on March 11, 2011, Clavijo sexually assaulted another woman in an unrelated attack. (*Id.* ¶ 24.) Plaintiff alleges that this other woman reported the rape, yet the Chicago Police Department allowed Clavijo and Vasquez to retain their employment as patrol officers. (*Id.* ¶ 25.)

In May 2011, the Cook County State's Attorney's Office approved charges of criminal sexual assault and official misconduct against both Clavijo and Vasquez based on their actions against Plaintiff. (*Id.* ¶ 23.) The Cook County State's Attorney's Office also approved criminal sexual assault and official misconduct charges against Clavijo in connection with the March 11, 2011 incident. (*Id.* ¶ 25.)

## PROCEDURAL HISTORY

Plaintiff initiated this action on May 25, 2011, by filing a ten-count complaint against Clavijo, Vasquez, and the City. (R. 1, Compl.) In Count I, Plaintiff alleges that Defendants violated her Fourth Amendment right to be free from an unreasonable search and seizure. (*Id.* ¶¶ 26-32.) In Count II, Plaintiff alleges that Defendants violated her constitutional right to equal protection under the law. (*Id.* ¶¶ 33-39.) In Count III, Plaintiff alleges that Defendants violated her constitutional right to due process of law. (*Id.* ¶¶ 40-45.) In Count IV, Plaintiff alleges that Defendants had a reasonable opportunity to prevent the violation of her constitutional rights, but failed to do so. (*Id.* ¶¶ 46-51.) In Count V, Plaintiff alleges that Defendants engaged in a conspiracy to violate her constitutional rights. (*Id.* ¶¶ 52-58.) In Count VI, Plaintiff alleges that the Defendant Officers violated the Illinois Gender Violence Act, 740 Ill. Comp. Stat. 82 *et seq.* (*Id.* ¶¶ 59-63.) In Count VII, Plaintiff alleges a state law claim for assault and battery against the Defendant Officers. (*Id.* ¶¶ 64-68.) In Count VIII, Plaintiff alleges a state law claim for conspiracy against the Defendant Officers. (*Id.* ¶¶ 69-73.) In Count IX, Plaintiff alleges a state law claim for *respondeat superior* against the City. (*Id.* ¶¶ 74-76.) In Count X, Plaintiff alleges a state law claim for indemnification against the City. (*Id.* ¶¶ 77-79.)

On September 15, 2011, the Court stayed the lawsuit and dismissed the complaint without prejudice, granting full leave to reinstate the complaint upon the completion of the

3

underlying criminal actions against the Defendant Officers. (R. 20, Min. Entry.) On March 7,

2014, Plaintiff moved to reinstate the complaint against Defendants, (R. 21, Pl.'s Mot. to

Reinstate), which the Court granted on March 18, 2014, (R. 25, Min. Entry). Each Defendant

separately answered the complaint in May 2014. (R. 34, City's Answer; R. 36, Clavijo's

Answer; R. 38, Vasquez's Answer.)

On July 6, 2014, the City moved for judgment on the pleadings as to Plaintiff's state law

claims against the City, brought in Counts IX and X, pursuant to Federal Rule of Civil Procedure

12(c). (R. 46, City's Mot.) This fully briefed motion is presently before the Court.

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings alone. Fed. R. Civ. P.

12(c); *N. Ind. Gun & Outdoor Shows, Inc v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.

1998). The pleadings consist of the "the complaint, the answer, and any written instruments

attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452 (citing Fed. R. Civ. P.

10(c)). Courts apply the same standard to a Rule 12(c) motion as to a motion to dismiss for

failure to state a claim pursuant to Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570

F.3d 824, 827 (7th Cir. 2009). Accordingly, the Court accepts as true the facts alleged in the

complaint and draws all reasonable inferences in favor of the non-moving party. *Pisciotta v. Old*

*Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). If the plaintiff's complaint reveals that the

defendant has an "airtight defense," the plaintiff "has pleaded himself out of court," and it is

appropriate for the Court to dismiss the suit on the pleadings. *Richards v. Mitcheff*, 696 F.3d

635, 637 (7th Cir. 2012). A court should grant a Rule 12(c) motion for judgment on the

pleadings "only when it appears beyond a doubt that the plaintiff cannot prove any facts to

support a claim for relief and the moving party demonstrates that there are no material issues of

fact to be resolved." *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746

(7th Cir. 2008) (quoting *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007)); *see also Hayes v.*

*City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012).

## ANALYSIS

In Counts IX and X, Plaintiff seeks to hold the City responsible for the Defendant

Officer's tortious conduct based on the Illinois state law theories of *respondeat superior* and

indemnification. (R. 1, Compl. ¶¶ 74-79.) Importantly, Plaintiff alleges that the City should be

held liable because the Defendant Officers were at all relevant times acting within the scope of

their employment. (*Id.* ¶¶ 75, 79.)

In Illinois, "[u]nder the theory of *respondeat superior*, an employer can be liable for the

tort of an employee, but only for those torts that are committed within the scope of employment."

*Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 991 (Ill. 2007). *Respondeat superior* liability

"extends to the negligent, willful, malicious or even criminal acts of its employees, when those

acts are committed with the scope of employment." *Adames v. Sheahan*, 909 N.E.2d 742, 755

(Ill. 2009). Additionally, under the Illinois indemnification statute, "[a] local public entity is

empowered and directed to pay any tort judgment or settlement for compensatory damages . . .

for which it or an employee while acting within the scope of his employment is liable[.]" 745 Ill.

Comp. Stat. 10/9-102. To fall within the scope of employment, an employee's acts must be: (a)

the kind for which the employee is employed to perform; (b) substantially within the authorized

time and space limits; and (c) actuated, at least in part, by a purpose to serve the employer.

*Bagent*, 862 N.E.2d at 992. Because scope of employment is a fact-intensive issue, Illinois

courts have held that it is generally inappropriate to resolve this issue at the motion to dismiss or

summary judgment stage. *Id.* "Only if no reasonable person could conclude from the evidence

that an employee was acting within the course of employment should a court hold as a matter of

law that the employee was not so acting." *Id.* at 992-93.

Here, the City argues that it cannot be held liable for the Defendant Officer's tortious

conduct, and cannot be required to pay any tort judgment, because the Defendant Officers were

not acting within the scope of employment if they sexually assaulted Plaintiff. (R. 46, City's

Mot. at 3.) The City contends that under Illinois law, sexual assault is never within the scope of

one's employment. (*Id.* at 3-5) (citing *Doe ex rel. Doe v. Lawrence Hall Youth Servs.*, 966

N.E.2d 52, 62 (Ill. App. Ct. 1st Dist. 2012) (finding that the school was not liable for a teacher's

alleged sexual assault of a student because the teacher's tortious acts could not be said to have

furthered the school's business)). In *Lawrence*, the Illinois Appellate Court held that "sexual

assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of

employment under the doctrine of *respondeat superior*." 966 N.E.2d at 62 (citing *Stern v. Ritz*

*Carlton Chi.*, 702 N.E.2d 194, 198 (Ill. App. Ct. 1st Dist. 1998); *Deloney v. Bd. of Edu. of*

*Thornton Twp.*, 666 N.E.2d 792, 797 (Ill. App. Ct. 1st Dist. 1996) (collecting cases)). However,

neither *Lawrence*, nor any of the cases it relies upon in reaching its decision, involved sexual

assaults committed by police officers.[1] In fact, in *Deloney*, the Illinois Appellate Court noted

that the present case involved a school employee, making it distinguishable from cases involving

police officers, including a California case which held that a question of fact existed as to

whether a police officer's sexual assault was within the scope of his employment. 666 N.E.2d at

798 n.5, 800 n.6 (citing *Mary M. v. City of L.A.*, 814 P.2d 1341, 1350 (Cal. 2006)). The Illinois

---

[1] Only one case cited in *Deloney*, 666 N.E.2d at 797, involved police officers, but in that case the officers were "off-duty" when they committed the alleged sexual assault. *See Gambling v. Cornish*, 426 F. Supp. 1153, 1154 (N.D. Ill. 1977).

Supreme Court and the Illinois Appellate Court have yet to decide whether or not a sexual

assault committed by a police officer while on duty falls within the scope of his employment.

In *Doe v. City of Chicago*, the U.S. Court of Appeals for the Seventh Circuit noted that

"[t]he proposition that scope of employment should be interpreted more broadly when the

employee is a police officer has yet to be considered by the Supreme Court of Illinois, but it has

a footing in other jurisdictions and may well be the wave of the future." 360 F.3d 667, 671 (7th

Cir. 2004) (collecting cases). The Seventh Circuit explained how the situation of a police officer

is "significantly different" from that of other employees because a police officer "is an authority

figure trained to develop and project an intimidating aura" and "is also and inescapably a

dangerous instrumentality." *Id.* The court thus suggested that "maybe . . . a police department

should be held strictly liable for torts of police officers who use their official powers to commit

the torts." *Id.* Nevertheless, the Seventh Circuit rejected the parties' request to certify the

question to the Illinois Supreme Court, explaining that certification was premature because the

facts bearing on the scope of employment issue had not been determined. *Id.* at 672 ("Whether

the scope of a police officer's employment should be deemed broader than that of other

employees is a difficult and important question that we should not ask the state supreme court to

answer on make-believe facts."). The Seventh Circuit ultimately held, however, that the district

court's grant of summary judgment in favor of the City of Chicago, based on its determination

that the police officer's sexual misconduct was outside the scope of his employment, was

premature. *Id.* at 673. The court stated that "[t]he issue of the City's responsibility for the torts

of its police officers is a difficult one that the district judge should not have attempted to resolve

before the actual facts bearing on the issue were determined." *Id.* The court emphasized that it

has "warned repeatedly against trying to resolve indemnity before liability." *Id.* at 672.

Following this precedent, other courts in this District have declined to resolve claims of *respondeat superior* liability and indemnification against municipalities before liability was found in cases involving police officers who allegedly committed sexual assaults. *See Doe v. Roe*, No. 12 C 9213, 2013 WL 2421771, at *3-*5 (N.D. Ill. Jun. 3, 2013) (finding that a reasonable person could conclude from the allegations in the complaint that the officer's sexual assault was within the scope of his employment, and thus denying the Village's motion to dismiss plaintiff's *respondeat superior* and indemnification claims); *Doe v. Lee*, 943 F. Supp. 2d 870, 880 (N.D. Ill. 2013) (denying the Village's motion for summary judgment on plaintiff's *respondeat superior* and indemnification claims); *Arias v. Allegretti*, No. 05 C 5940, 2008 WL 191185, at *5-*6 (N.D. Ill. Jan. 22, 2008) (same).

In accordance with the Seventh Circuit's warning, the Court declines to resolve the issues of *respondeat superior* liability and indemnification at this stage of the proceedings. Because Illinois courts have not yet definitively held that a sexual assault committed by an on duty police officer is outside the scope of employment, Plaintiff's claims against the City do not fail as a matter of law. A reasonable jury could conclude from the allegations in the complaint that the Defendant Officers were acting within the scope of their employment when they sexually assaulted Plaintiff. The Defendant Officers were on duty, sitting in their police car, wearing their uniforms, and carrying their weapons. Further, Plaintiff alleges that she would not have walked over to the Defendant Officers when they gestured to her, nor would she have gotten into their car, if they were not police officers. Therefore, the Court cannot find beyond a doubt that Plaintiff will not be able to prove any facts to support a finding that the Defendant Officers' actions were within the scope of their employment.

Seeking to avoid this result, the City cites *Johnson v. Cook County*, 526 Fed. App'x 692, 697 (7th Cir. 2013), where the Seventh Circuit held that under Illinois law, Cook County could not be held liable for an employee's sexual assault of a jail inmate under the doctrine of *respondeat superior*. (R. 62, The City's Reply at 6-7.) The court noted, citing *Lawrence*, that Illinois courts have explicitly declared that sexual assault by its very nature precludes a conclusion that it occurred within the employee's scope of employment, and it declined to "be the first court interpreting Illinois law to extend the doctrine of respondeat superior to a sexual assault claim." *Johnson*, 526 Fed. App'x at 697. There is a critical distinction, however, between *Johnson* and the facts in this case: the employee in *Johnson* was a medical technician, not a police officer. *Id.* at 693. The Seventh Circuit therefore did not address how the scope of employment analysis might apply differently to police officers who commit sexual assaults, as it did in *Doe v. City of Chicago*. Thus, the Court finds the City's reliance on *Johnson* unavailing.

Accordingly, the Court denies the City's motion for judgment on the pleadings as to Counts IX and X.

## CONCLUSION

For the foregoing reasons, the City's motion for judgment on the pleadings as to Counts IX and X (R. 46) is DENIED. The parties are requested to exhaust all settlement possibilities for this dispute during the next thirty days. The parties' joint motion to extend discovery (R. 69) is GRANTED. The discovery deadline will be extended to January 30, 2015. The Court will hold a status hearing on December 3, 2014, at 10:00 a.m.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: November 3, 2014**

10