IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | Case No. 11 C 3502 |
| Plaintiff, ) | |
| ) | Judge Ruben Castillo |
| v. ) | |
| ) | Magistrate Judge Sheila Finnegan |
| Chicago Police Officer PAUL CLAVIJO, ) | |
| Chicago Police Officer JUAN VASQUEZ, and ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL UNREDACTED COPIES OF
DEFENDANTS' COMPLAINT FILES**

Plaintiff, Jane Doe, by and through her attorneys, LOEVY & LOEVY, hereby respectfully moves to compel unredacted copies of Defendants' C.R. files, as follows:

**Factual Background**

1. As this Court is aware, Plaintiff alleges that she was sexually assaulted by two on-duty police officers on March 30, 2011. Specifically, Plaintiff alleges that she was walking near the Addison Red Line station when the defendants called her over to their marked squad car, offered her a ride home, and then sexually assaulted her inside the police vehicle and inside her apartment. On the way to her apartment, the officers stopped at a convenient store to purchase liquor. Both officers pled guilty to official misconduct as a result of this incident and have left the department.

2. In the course of discovery, Plaintiff has learned that both defendant officers have had an extremely troubling history of complaints involving alleged on-duty sexual misconduct.

1

3. In September of 2010, just six months before Jane Doe's assault, another young woman complained of Defendant Vasquez and his fellow officer, Adrian Lozano, stating that they gave her a ride home, and then entered her apartment without invitation and without a valid police purpose. The victim alleged that once inside, Officer Lozano touched her sexually, tried to remove her clothing, and offered her his handcuffs, while Officer Vasquez watched. *See* Ex. A, Sworn Affidavit for Complaint Log Investigation, CR #1040124.

4. In October of 2010, Defendant Clavijo was accused of kissing a woman inside her home and asking for her telephone number, after he responded to her 911 call about a domestic altercation. *See* Ex. B, Memorandum from Martin to Commanding Officer, IAD, CL #1040397.

5. Then on March 27, 2010, two nights before the incident at issue in this case, Defendants Clavijo and Officer Adrian Lozano allegedly drove past the Addison Red Line (the same place where they encountered Jane Doe) and are alleged to have waved down two females, flirted with them, and offered them a ride. The officers then allegedly posed in sexually provocative photographs with the women in their handcuffs; those photographs have been produced in this litigation. *See* Ex. C, Summary Report, CR# 1044424.

### The City Has Redacted Key Information From the Complaint Files

6. Plaintiff has sought full access to the complaint register files for each of the foregoing allegations. These files are patently relevant, both for 404(b) purposes and for Plaintiff's *Monell* claim against the department. *See, e.g., Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D.Ill. May 10, 2004).

7. The City apparently does not contest relevancy. Indeed, it has produced the C.R. files. However, it has redacted the names and contact information of the alleged victims, thus

preventing Plaintiff's counsel from contacting these potential witnesses and determining whether they have knowledge relevant to Plaintiff's claims, which they likely do.

8. The City's sole explanation for its redactions is to prevent the "unwarranted invasion of the victims' privacy," given "the nature of the allegations involved." *See* Group Ex. D, e-mails between Victoria Benson to Roshna Keen reflecting Rule 37.2 discussions. Plaintiff's counsel responded that the protective order in this case amply guards against public disclosure of names and other identifiers, providing more than sufficient protection of privacy interests, and thus the confidential information would be limited to attorneys' eyes only. *Id*. The City has neither responded to this argument nor engaged in further Rule 37.2 discussions. *Id*.

**Argument**

9. The City has cited no authority whatsoever for the proposition that it is entitled to conceal this information from Plaintiff in discovery. Notably, the City is not asserting any privilege or claiming any lack of relevance. The City is simply refusing to disclose a key category of facts (the names of other individuals who have made complaints against the same defendant officers), without any legal basis.

10. Numerous courts have held that information regarding "similar factual allegations may be relevant and admissible under Rule 404(b) to prove motive, intent, and/or modus operandi." *Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D.Ill. May 10, 2004), *citing Okai v. Verfuth,* 275 F.3d 606 (7th Cir. 2001); *Treece v. Hoschstetler,* 213 F.3d 360, 363 (7th Cir.2000); *Wilson v. City of Chicago* 6 F.3d 1233 (7th Cir. 1993). *See also Lepianka v. Village of Franklin Park*, 2004 WL 626830, at *1 (N.D.Ill. March 26, 2004) (compelling Defendants to produce unredacted copies of disciplinary files to Plaintiff and finding that protective order

adequately protected complainant witnesses' identities from public disclosures); *Edwards v. Thomas,* 31 F.Supp.2d 1069 (N.D.Ill. 1999). Individuals who were subject to similar conduct by a defendant officer are potential witnesses whose testimony may be extremely relevant under FRCP 404(b). Additionally, information about these prior instances is also potentially admissible as impeachment evidence of Defendant's truthfulness. *See Lepianka*, 2004 WL 626830, at *1.

11. Moreover, similar instances of a defendant officer's conduct are equally relevant to proving *Monell* claims, where, as here, plaintiffs allege a municipality's failure to supervise and discipline sexual misconduct by its police officers. *Vodak,* 2004 WL 1381043, at *3, *citing Langford v. City of Elkhart,* 1992 WL 404443 (N.D. Ind. April 21, 1992) ("municipal policy claims allow a broad inquiry into police practices and procedures, citizen complaints, similar incidents, and internal disciplinary actions 'extending well beyond the immediate circumstances surrounding plaintiffs' arrests'"). *See also* Complaint, Dckt. 1, at ¶ 23 (setting forth Plaintiff's *Monell* claim for excessive force).

12. Plaintiff's request here is discrete and highly relevant. Each of the allegations involves startlingly similar behavior by the defendants.

13. The witness identities sought here fit squarely within the permissible boundaries of Rule 26, which broadly allows discovery into any matter relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). This very information is routinely produced in other Section 1983 cases, particularly those involving *Monell* claims. *See, e.g.*, *Acuna v. Rudzinski*, 2001 WL 1467529, at *1 (N.D. Ill. Nov. 16, 2001) ("In § 1983 cases filed against Chicago police officers, it is customary for the City to produce in discovery copies of any CRs relating to similar complaints that have been made against the defendant officers. The relevance of the CRs would

4

be that the prior incidents might be admissible against the individual defendants under Evidence Rule 404(b) and against the City on a *Monell* theory.").

14. As the City notes, the complaints these individuals made against the defendant officers are of a sensitive nature; indeed, the complained-of conduct is quite appalling (just like the conduct that Plaintiff complains of in the instant suit). But it would be an absurd result if the City could prevent Plaintiff in this case from investigating facts relating to the officers' past misconduct under the guise of somehow "protecting" the victims of it.

15. Indeed, a closer examination of the City's purported "privacy" concern suggests that it is entirely pre-textual. Given that Plaintiff's counsel cannot publicly disclose victim/witness names or identifiers to the public, and would essentially be keeping the information for attorneys' eyes only, there is no real risk of violating these individuals' privacy. Any privacy considerations are amply addressed by the existing protective order. *See, e.g.*, *Lepianka*, 2004 WL 626830, at *1; *Doe v. White*, 2001 WL 649536, at *2 (N.D. Ill. June 8, 2001) (providing for disclosure of CR files under protective order with identifying information of complainants redacted from publicly available copies); *Escobar v. Foster*, 2000 WL 631312, at *2-3 (N.D. Ill. May 16, 2000) (same); *Sasu v. Yoshimura*, 147 F.R.D. 173, 176 (N.D. Ill. 1993) (same).

16. Indeed, it is unclear why the City's possession of this information is not a violation of the third-parties' privacy interests, but production of this information to the Plaintiff's attorneys would be.

17. Ultimately if these witnesses do not want to be involved in this case, they will not be involved. Plaintiff's counsel will approach each witness with discretion and common sense. But it is not uncommon for victims, particularly those who believe their own complaints were

5

not meaningfully investigated by the City, to be willing to step forward and share their experiences in a proceeding that seeks to shed light on misconduct of a similar nature.

18.     If the City's position is adopted, Plaintiff would have <u>no</u> opportunity to investigate prior similar misconduct by these defendant officers.  Plaintiff would be limited to the cursory and perhaps self-serving summaries contained the C.R. files, and her counsel would have no opportunity to speak to the alleged victims and witnesses.  Unsurprisingly, the City has not offered a single legal authority to support its exclusive access to highly relevant witnesses in on-going litigation.

19.     The City will likely argue that the prior allegations of sexual misconduct were unproven and perhaps even baseless; that the City adequately investigated each prior allegation; and thus, that the City was not at fault for allowing these officers to remain on the force, notwithstanding what appears to be a *known* pattern of sexually predatory behavior while on duty.  Unless the City agrees to forego each of these defenses and stipulate that the prior alleged victims' accounts are all true, and that the City failed to adequate investigate and discipline the officers in each instance, it cannot now prevent the Plaintiff from doing discovery into each of these issues.

### Local Rule 37.2 Certification

20.     Pursuant to Local Rule 37.2, prior to filing this motion, Plaintiff conferred with counsel for the Defendants in an attempt to resolve this dispute.  <u>See</u> Group Ex. D. Despite these efforts, the parties have reached an impasse.

**Relief Sought**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully seeks an order compelling Defendant City of Chicago to produce fully unredacted copies of CR #1040124, CR# 1040397, and CR# 1044424.

RESPECTFULLY SUBMITTED,

/s/ Roshna Bala Keen
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Elizabeth Mazur
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**NOTICE OF FILING/ CERTIFICATE OF SERVICE**

I, Roshna Bala Keen, an attorney, certify that on November 25, 2014, I caused the foregoing Motion to be filed electronically with the United States District Court, Northern District of Illinois, via CM/ECF filing, and served on all counsel of electronically via CM/ECF.

/s/ Roshna Bala Keen
